UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

Filed Under Seal

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> vs. <br><br> VARIOUS JOHN AND JANE DOES, and VARIOUS XYZ CORPORATIONS, <br><br> Defendants. | Civil Action No.: 14-688 <br><br> SECT. C  MAG. 2 <br><br> EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER, ORDER FOR SEIZURE OF COUNTERFEIT MARKED GOODS, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

Plaintiff World Wrestling Entertainment, Inc. ("WWE"), pursuant to the Federal Trademark Act of 1946, 15 U.S.C. § 1051 et seq., as amended (the "Lanham Act"), including the Trademark Counterfeiting Act of 1984, 15 U.S.C. § 1116(d), the All Writs Act, 28 U.S.C. § 1651, and Rule 65(b) of the Federal Rules of Civil Procedure, hereby moves this Court for (1) a Temporary Restraining Order ("TRO") enjoining Defendants' unauthorized production, distribution, and sale of souvenirs, merchandise, memorabilia, and other products bearing counterfeits of WWE's trademarks and service marks or marks confusingly similar to WWE's trademarks and service marks; (2) an Order authorizing the seizure of goods bearing counterfeit marks wherever they may be found on the premises or within a five-mile radius of the halls, arenas, stadiums, or other venues where WWE's Wrestlemania® XXX weekend events shall be occurring in New Orleans, Louisiana from April 3 to April 7, 2014, including, but not limited to at the New Orleans Convention Center, Mercedes-Benz Superdome and Smoothie King Center; and (3) an Order to show cause why a preliminary injunction should not issue.

In support of this Motion, WWE submits concurrently herewith a supporting legal memorandum, a Verified Complaint, the Declarations of Richard S. Hering and Lauren Dienes-

Midden, Esq. (attached hereto as Exhibits A and B), and a proposed Order. In further support of this Motion, WWE states the following:

1. Since at least as early as February 1983, WWE, first doing business as the "World Wrestling Federation" and now doing business as "World Wrestling Entertainment," has provided to the public live and televised wrestling and entertainment events and services (the "WWE Wrestling Services") under the service mark WORLD WRESTLING ENTERTAINMENT®. See Verified Complaint at ¶ 10. WWE also exclusively owns or controls all right, title and interest in the names, likenesses and rights of publicity for its current wrestlers. Id. In connection therewith, WWE has used, advertised, publicized and presented the WWE Wrestling Services, and related souvenirs, merchandise and other products ("WWE Merchandise") under the WORLD WRESTLING ENTERTAINMENT® mark and certain other service marks and trademarks (collectively, the "WWE Marks"). Id.

2. As more fully set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion ("Memorandum"), beginning in New Orleans, Louisiana on April 3, 2014 with WWE's Wrestlemania® XXX weekend and ending March 23, 2015 (WWE's final live event before Wrestlemania® XXXI), WWE will embark on a multi-city presentation of live wrestling entertainment events throughout the United States and in many other cities throughout the world ("WWE's 2014-2015 Live Events"). Id. at ¶¶ 3, 12-13. Based on past experiences, particularly in connection with prior live events, including prior Wrestlemania® weekend events, WWE reasonably believes that Defendants, whose identities and precise whereabouts are currently unknown to WWE, will be selling counterfeit WWE Merchandise in the Eastern District of Louisiana before, during and after the Wrestlemania® XXX weekend events. See generally Declaration of Richard S. Hering ("Hering Dec."); Declaration of Lauren Dienes-

Middlen, Esq., ("Dienes-Middlen Dec.).

3. Defendants' merchandise will bear counterfeit trademarks and service marks unauthorized by WWE and, based on past experience, will be of inferior quality compared to authentic WWE Merchandise. Id. Indeed, the merchandise sold by Defendants not only is counterfeit but the merchandise also threatens public safety. Id. There is no way to know the quality of the counterfeit goods, such as the flammability level of the ink used to print the t-shirts and the safety of the design of other goods, such as wrestling masks, that previously have been seized. Id. Also based on past experience, WWE reasonably believes that Defendants will travel from city to city following WWE's 2014-2015 Live Event schedule and sell counterfeit merchandise at WWE's 2014-2015 Live Events throughout the United States. Id.

4. WWE is entitled to the proposed TRO, Seizure Order and Order to Show Cause because there is a strong probability that WWE will prevail on the merits, and the threat of irreparable harm to WWE is clear and substantial, as WWE's reputation and goodwill stand to be injured by the sale of inferior-quality counterfeit WWE Merchandise.

5. WWE is likely to succeed in showing that the Defendants are using counterfeit WWE marks in connection with the sale, offering for sale, or distribution of goods and services, and further, that the Defendants are part of a concerted operation that travels from venue to venue selling counterfeit WWE Merchandise that is acquired from common sources of manufacture, and that these and any other vendors of such unauthorized counterfeit marked merchandise are in active concert or participation.

6. Immediate and irreparable injury to WWE will occur if goods bearing counterfeit marks are not seized because (a) WWE will lose an indefinite number of sales of its genuinely-marked goods that cannot be made up after the events; (b) WWE will have no remedy at law

against Defendants because it will have no way of learning their identity and volume of their sales of counterfeit WWE Merchandise; and (c) Defendants' counterfeit WWE Merchandise is believed to be of lower price and inferior quality to WWE's genuine goods, and WWE will suffer loss of reputation and consumer goodwill by the sale of counterfeit WWE Merchandise.

7. The goods to be seized will be located on the premises or within a five-mile radius of the halls, arenas, stadiums, or other venues where WWE's Wrestlemania® XXX weekend events shall be occurring in New Orleans from April 3 to April 7, 2014, including, but not limited to at the New Orleans Convention Center, Mercedes-Benz Superdome and Smoothie King Center.

8. The harm to WWE of denying this application outweighs the harm to any legitimate interests of Defendants. In fact, Defendants have no right whatsoever to sell goods bearing counterfeit marks.

9. In addition, issuance of the requested TRO will protect the public against deception, mistake and potentially unsafe products. The public interest will be served by granting the requested Order because the public has a right to rely on valid trademarks and service marks as accurate indicia of origin of goods and services and the high-quality, safe products associated with those trademarks and service marks.

10. The need for immediate relief from the Court is great, as the substantial sale of the infringing goods and the corresponding injury to WWE and the public is expected to occur during the Wrestlemania® XXX weekend events in New Orleans, Louisiana from April 3 to April 7, 2014, resulting in irrecoverable lost sales, loss of reputation, and loss of goodwill for WWE, and damages to the consuming public in the form of continued confusion, deception and potential harm to safety. In addition, absent the requested relief, it will be difficult and costly for

WWE to obtain speedy relief from the Court and will result in an inefficient use of judicial resources.

11. An Order other than an ex parte Seizure Order is not adequate to achieve the purposes of 15 U.S.C. § 1114, which provides remedies for trademark infringement, and the proposed Order is specifically authorized by the Trademark Counterfeiting Act, 15 U.S.C. § 1116(d). WWE has complied with all statutory requirements for the issuance of a Seizure Order pursuant to 15 U.S.C. § 1116(d).

12. If this Motion is denied, neither money damages nor any accounting will be available to WWE, as such Defendants will leave the area immediately upon selling their counterfeit goods. Moreover, Defendants will then no longer be subject to the jurisdiction of this Court, should the immediate injunctive relief requested here be denied.

13. Without the granting of the Order of Seizure sought herein, it would be futile for WWE to continue this action. A preliminary injunction without an accompanying Order of Seizure would be ineffective in redressing WWE's injuries, and in preventing Defendants from committing their deceptive trade practices and unlawful acts, as they would already have occurred.

14. Accordingly, WWE requests this Court to enter an Order authorizing the immediate seizure of counterfeit WWE merchandise located on the premises or within a five-mile radius of the halls, arenas, stadiums, or other venues where WWE's Wrestlemania® XXX weekend events shall be occurring in New Orleans, Louisiana from April 3 to April 7, 2014, including, but not limited to at the New Orleans Convention Center, Mercedes-Benz Superdome and Smoothie King Center. As shown in the accompanying Memorandum (see, e.g., Exhibits A-B), courts have granted WWE (and others) orders authorizing the seizure of goods bearing

counterfeit marks, like counterfeit WWE Merchandise, on ex parte application.

15. The certificate of counsel required by Fed. R. Civ. P. 65(b) attesting to the importance of hearing the within motion without notice to Defendants is attached as Exhibit C.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests this Court to grant this Motion and enter an Ex Parte Temporary Restraining Order, an Order for Seizure of Counterfeit Marked Goods and an Order to Show Cause Why a Preliminary Injunction Should Not Issue.

A proposed Order is submitted herewith.

Dated: March 26, 2014

Respectfully submitted,

Raymond G. Areaux (#16792) (T.A.)
Emily Lippold Gordy (#33858)
*Carver, Darden, Koretzky, Tessier,*
*Finn, Blossman & Areaux, LLC*
Energy Centre, Suite 3100
1100 Poydras Street
New Orleans, LA 70163
Office Phone: (504) 585-3803
Cellular Phone: (504) 383-3803
Facsimile: (504) 585-3801
Email: Areaux@carverdarden.com

**Curtis B. Krasik (*pro hac vice* motion to be filed)**
**Jerry S. McDevitt (*pro hac vice* motion to be filed)**
**Christopher M. Verdini (*pro hac vice* motion to be filed)**
*K&L Gates LLP*
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501
*Attorneys for Plaintiff*