## EXHIBIT B

Attached hereto are examples of ex parte TRO's and nationwide preliminary injunctions and seizure orders entered by courts throughout the United States:

1.   F.E.A., Inc. v. Does, Case No. 2:14-cv-00156 (C.D. Cal. January 10 and 24, 2014)

2.   F.E.A., Inc. v. Does, Case No. 2:11-CIV-01562 (E.D. Cal. June 26, 2012)

3.   TSURT, LLC v. Does, Case No. 11-cv-11372 (D. Mass. August 11, 2011)

4.   Live Nation Merchandise, Inc. v. Does, Case No. 11-cv-01297 (D. Colo. June 1, 2011)

5.   F.E.A., Inc. v. Does, Case No. CV 11-3024 (C.D. Cal. April 21, 2011)

6.   Live Nation Merchandise, Inc. v. Does, Case No. 11-cv-01335 (E.D.N.Y. March 2, 2011)

7.   Arnie Barn, Inc. v. Does, Case No. 11-cv-540 (M.D. Fla. March 25, 2011)

8.   F.E.A., Inc. v. Does, Case No. 2:11-cv-10136 (E.D. Mich. January 25, 2011)

9.   Live Nation Merchandise, Inc. v. Does, Case No. 8:10-cv-371 (M.D. Fla. Feb. 26, 2010)

10.  Signatures Network, Inc. v. Does, Case No. 2:09 CIV 0637 (D. Ariz. April 14, 2009)

11.  Signatures Network, Inc. v. Does, F 08-898 (E.D. Cal. July 10, 2008)

12.  Cinder Block, Inc. v. Does, Case No. 08-cv-1293 (E.D. Pa. March 25, 2008)

13.  F.E.A., Inc. v. Does, Case No. 07-cv-01303 (S.D. Tx. April 30, 2007)

14.  F.E.A., Inc. v. Does, Case No. 06 C 5244 (N.D. Ill. Oct. 12, 2006)

15.  Signatures Network, Inc. v. Does, Case No. 05-0884 (D. Nev. Aug. 1, 2005)

16.  Signatures Network, Inc. v. Does, Case No. 1:03 CV 01012 (D.D.C. May 18, 2003)

17.  Giant Merchandising v. Does, Case No. 3:01 CV 37 (W.D.N.C. Feb. 9, 2001)

18.  McGraw v. Does, Case No. 3:00-0402 (M.D. Tenn. May 17, 2000) (Docket only)

19.  Giant Merchandising v. Does, Case No. A 00-CA-270 (W.D. Tx. May 4, 2000)

1  Cara R. Burns (State Bar No. 137557)
2  cburns@hmkblawyers.com
   HICKS, MIMS, KAPLAN & BURNS
3  3250 Ocean Park Blvd, Ste 350
   Santa Monica, California 90405
4  Telephone: (310) 314-1721
5  Facsimile: (310) 314-1725

6  Attorneys for Plaintiff,
7  F.E.A., INC.

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10
11  F.E.A., INC.,                        )   Case No. cv 14-156 ABC (JEMx)
                                         )
12          Plaintiff,                   )   [~~PROPOSED~~]   TEMPORARY
                                         )   RESTRAINING      ORDER;
13      v.                               )   SEIZURE     ORDER;    AND
                                         )   ORDER TO SHOW CAUSE
14  JOHN DOES 1-5, JANE DOES 1-4 AND     )   WHY    A    PRELIMINARY
    XYZ COMPANY,                         )   INJUNCTION  AND SEIZURE
15                                       )   ORDER SHOULD NOT ISSUE
           Defendants.                   )
16                                       )

17         Based upon the complaint, memorandum of points and authorities, Declaration of

18  Steven Lewis and the Certificate of Counsel of Cara R. Burns and all other pleadings

19  and proceedings heretofore had herein and good cause being shown:

20         IT IS HEREBY ORDERED that defendants, John Does 1-5, Jane Does 1-4 and

21  XYZ Company their true identities being unknown  (collectively "Defendants), show

22  cause before the Honorable **Audrey B. Collins**, United States District Court Judge, in

23  Courtroom **680** of the United States District Court for the District of California, located

24  at **255 East Temple Street**, Los Angeles, California at **4:30 p.m.** on **January 21, 2014**

25  or as soon thereafter as counsel can be heard, why an order pursuant to Fed. R. Civ. P.

26  Rule 65 and the Lanham Act 15 U.S.C. § 1051 et. seq., should not be entered granting

27  to Plaintiff, F.E.A., Inc., a preliminary injunction to enjoin the Defendants from

28  manufacturing, distributing, selling or holding for sale, any clothing, jewelry,

1 photographs, posters and other merchandise (collectively the "Infringing Merchandise")

2 bearing the federally registered trademarks, service marks, likenesses, logos and other

3 indicia of the Group known as the **"EAGLES"** (collectively, the "Group's

4 Trademarks").

5     **AND IT APPEARING TO THE COURT** that Defendants are about to sell and

6 distribute the Infringing Merchandise bearing any or all of the Group's Trademarks as

7 set forth in Plaintiff's complaint and declaration, and will continue to carry out such acts

8 unless restrained by order of the Court;

9     **AND IT APPEARING TO THE COURT** that immediate and irreparable

10 injury, loss or damage will result to the Plaintiff before Defendants can be identified

11 and given notice and their attorneys can be heard in opposition to the granting of the

12 temporary restraining order, in that the Defendants are preparing to manufacture,

13 distribute and sell Infringing Merchandise as set forth in the Plaintiff's complaint, and

14 that, unless said Defendants are enjoined from said manufacture, distribution, and sale,

15 the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss

16 of income, lessening and dilution of the value of the Group's Trademarks, interference

17 with Plaintiff's ability to exploit, market and license its merchandising rights, confusion

18 in the marketplace as to the duly authorized source of merchandise depicting the

19 Group's Trademarks, and impairment of the good will Plaintiff and its licensors have in

20 the Group's Trademarks;

21     **IT IS FURTHER ORDERED** that pending hearing and determination of this

22 application, the Defendants, their agents, servants, employees, attorneys, successors and

23 assigns and all persons, firms and corporations acting in concert with them, and each of

24 them, be and hereby are temporarily restrained from manufacturing, distributing and

25 selling Infringing Merchandise bearing the any or all of the Group's Trademarks;

26     **AND IT IS FURTHER ORDERED** that pursuant to 1116 (a), the United States

27 Marshal, for this District or any district in which Plaintiff enforces this order, the state

28 police, local police or local deputy sheriffs, off duty officers of the same, and any

-2-        Proposed TRO, etc.

1 person acting under their supervision, are hereby authorized to seize and impound any

2 and all Infringing Merchandise bearing any or all of the Group's Trademarks (namely,

3 the "**EAGLES**"), which defendants attempt to sell or are holding for sale, including any

4 from any carton, container, vehicle, or other means of carriage in which the Infringing

5 Merchandise is found from six (6) hours before to six (6) hours after any performance

6 of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said

7 Tour shall be performing, including but not limited to in connection with the concerts to

8 be held January 15,17,18, 22, 24,and 25, 2014 at the Forum in Los Angeles, California;

9   **AND IT IS FURTHER ORDERED** that this order be and is hereby conditioned

10 upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond,

11 certified check, or cash in the amount of **$5, 000.00** no later than **January 14, 2014**, to

12 secure the payment of such costs and damages not to exceed such sum as may be

13 suffered or sustained by any party who is found to be wrongfully restrained hereby;

14   **AND IT IS FURTHER ORDERED** that this temporary restraining order is

15 conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as

16 is required by the same to cover the fees for their said services, in the event Plaintiff

17 seeks their services in this or any other district;

18   **AND IT IS FURTHER ORDERED** that service of a copy of this order to show

19 cause together with the complaint upon which it is based, be made upon the Defendants

20 by the United States Marshal, state or local police, local deputy sheriffs or by any

21 person over the age of eighteen (18) years not a party to this action selected for that

22 purpose by the Plaintiff, at the time of the seizure provided herein is effected and that

23 such service shall be deemed good and sufficient;

24   **AND IT IS FURTHER ORDERED** that the process server shall offer a receipt

25 to each person from whom Infringing Merchandise is seized and that the Plaintiff shall

26 be deemed substitute custodian for all Infringing Merchandise seized;

27   **AND IT IS FURTHER ORDERED** that each and every defendant served with

28 a copy of this order promptly, courteously and peaceably identify himself or herself to

Proposed TRO, etc.

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

1   the aforementioned process server and that the process server or agents for Plaintiff be

2   allowed to photograph, video tape or otherwise identify the Defendant;

3       **AND IT IS FURTHER ORDERED** that Defendants' responsive papers, if any,

4   shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by

5   delivering copies to its counsel on or before **January 17, 2014**. Any reply shall be filed

6   by the Plaintiff and served upon each appearing defendant or his/her counsel on or

7   before **January 21, 2014 at 12:00 noon**. Plaintiff is to provide copies of all other filed

8   pleadings at the request of any identified defendant;

9       **AND IT IS FURTHER ORDERED** that pursuant to F.R.C.P. Rule 65 (b)

10   (4), any Defendant can apply to this Court to dissolve or modify this Order on two (2)

11   days notice or shorter notice as this Court may allow, but no such application shall

12   serve to suspend this Order or stay its terms unless otherwise ordered by this Court.

13       **IT IS SO ORDERED.**

14   Dated: January 10, 2014      _____

15                UNITED STATES DISTRICT COURT JUDGE

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

Proposed TRO, etc.

1  Cara R. Burns (State Bar No. 137557)
2  cburns@hmkblawyers.com
   HICKS, MIMS, KAPLAN & BURNS
3  3250 Ocean Park Blvd, Ste 350
4  Santa Monica, California 90405
   Telephone: (310) 314-1721
5  Facsimile: (310) 314-1725

6  Attorneys for Plaintiff,
7  F.E.A., INC.

8                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

9  F.E.A., INC.,                    )   Case No. 14-cv-156 ABC (JEMx)
10              Plaintiff,          )   [PROPOSED] PRELIMINARY
11         v.                       )   INJUNCTION AND SEIZURE
                                    )   ORDER SHOULD NOT ISSUE
12  JOHN DOES 1-5, JANE DOES 1-4 AND )
13  XYZ COMPANY,                    )   Hearing Date: January 21, 2014
                                    )   Time: 4:30 p.m.
14              Defendants.         )   Courtroom: 680 Judge Collins

15        Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a Preliminary Injunction
16
17  enjoining and restraining the defendants from manufacturing, selling or distributing
18  merchandise bearing the federally registered trademarks, servicemarks, logos,
19  likenesses or other indicia of the Group known as the **"EAGLES"** (collectively the
20  "Group's Marks") ordering the seizure and impounding of such articles; and service
21  having been effected upon certain defendants at the and/or near the Group's concerts
22  which have previously occurred; and Plaintiff's application having come on for a
23  hearing before the Honorable Audrey B. Collins on the 21th day of January, 2014, at the
24  United States Courthouse in the Central District of California, and Plaintiff having
25  appeared by its attorneys, and there having been no other appearances;
26        Now, on presentation and consideration of Plaintiff's application for a
27  preliminary injunction and seizure order, the declaration in support thereof and all other
28  pleadings and prior proceedings had herein in this matter, the Court hereby finds:

Hicks, Mims,
Kaplan, and Burns
Attorneys at Law

1.   By reason of the substantial and continuous use of the Group's Marks in connection with the Group's work, said marks have acquired meanings identified with the Group and with products and services associated with the Group;

2.   The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Marks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Marks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.   The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff , the Group with respect to such goods;

4.   Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.   Copies of this Court's Temporary Restraining Order; Seizure Order;  and an Order to Show Cause Why a Preliminary Injunction and Seizure Order Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and the unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)   Using any or all of the Group's Marks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

1      (B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or

2 other merchandise which carries or otherwise uses any or all of the Group's Marks; or

3      ( c)    Aiding, abetting, inducing, or encouraging another to perform any of the

4 acts enjoined herein.

5     **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any

6 district in which Plaintiff seeks to enforce this Order in the United States, the state

7 police, local police, local deputy sheriffs, off-duty officers of the same, and any person

8 acting under their supervision (collectively "Process Servers"), are hereby similarly

9 authorized to seize and impound any and all unauthorized merchandise bearing any or

10 all of the Group's Marks (i.e. the **EAGLES** marks) or any colorable imitations or

11 variations thereof, or associated marks which defendants or their agents, employees or

12 representatives attempt to sell or are holding for sale in the vicinity of any of the

13 Group's concerts from six (6) hours before to six (6) hours after any performance of the

14 Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the

15 Group shall be performing or elsewhere where such merchandise is being sold, held for

16 sale or is otherwise found, including in any carton, bag, vehicle, or container in which

17 the merchandise is transported or stored.  All clothing, jewelry, photographs, posters

18 and other merchandise bearing any or all of the Group's Marks, or any colorable

19 imitations or variations thereof, sold and held for sale in the vicinity of the arenas or

20 other venues at which the Group shall be performing, or elsewhere where such

21 merchandise is being sold, held for sale or otherwise found, shall be deemed to be

22 merchandise subject to the seizure provisions of this Order.

23     **IT IS FURTHER ORDERED**, that service of a copy of this Order, together

24 with the Summons and Complaint, be made upon defendants by the Process Servers at

25 the time the seizure provided herein is effected, and that such service shall be deemed

26 good and sufficient.

27     **IT IS FURTHER ORDERED**, that each and every defendant served with a

28 copy of this order promptly, courteously and peaceably identify himself or herself to the

1 | aforementioned Process Server and that the Process Server or agents for Plaintiff be
2 | allowed to photograph, videotape or otherwise identify the defendant.

3 |     **IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to
4 | each person from whom goods are seized.

5 |     **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with
6 | a copy of this Order who objects to the provisions herein may submit his or her
7 | objections to this Court or otherwise move for relief from this Court within ten (10)
8 | days of the date of seizure according to the Federal Rules of Civil Procedure, but no
9 | such objection shall serve to suspend this Order or stay the terms hereof unless
10 | otherwise ordered by this Court.

11 |     **IT IS FURTHER ORDERED**, that all unauthorized items heretofore or
12 | hereafter seized in this action be delivered up to the Plaintiff or the persons designated
13 | above, pending final disposition of this matter.

14 |     **IT IS FURTHER ORDERED**, that the bond deposited with the Clerk of this
15 | Court to secure payment of costs incurred in enforcing the provisions of the temporary
16 | restraining order and any damages sustained by any party who is found to have been
17 | wrongfully enjoined thereby is continued until final disposition of this matter.

18 |     **IT IS SO ORDERED.**

19 | Dated: January 21, 2014

20 | **THE HONORABLE AUDREY B. COLLINS**
**UNITED STATES DISTRICT COURT JUDGE**

21

22

23

24

25

26

27

28

Proposed TRO, etc.

Hicks, Mims,
Kaplan & Burns
Attorneys at Law

1    **Cara R. Burns (SBN: 137557)**
**Hicks, Mims, Kaplan & Burns**
**3250 Ocean Park Blvd, Suite 350**
2    **Santa Monica, California 90405**
**Telephone:    (310) 314-1721**
3    **Facsimile:    (310) 314-1725**
**cburns@hmkblawyers.com**
4

5    **Attorneys for Plaintiff,**
**F.E.A., INC.**

# FILED

## JUN 2 2 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____

6

7               **UNITED STATES DISTRICT COURT**

8              **EASTERN DISTRICT OF CALIFORNIA**

9    **F.E.A., INC.,**              )    **Case No. 2:11-01562 JAM GGH**
10            **Plaintiff,**    )
                      )    **[PROPOSED] PRELIMINARY**
11        **v.**             )    **INJUNCTION AND ORDER OF**
                      )    **SEIZURE**
12    **JOHN DOES 1-100, JANE DOES 1-100**  )
    **AND XYZ COMPANY,**      )
13                      )    **Hearing Date: June 22, 2011**
            **Defendants.**    )    **Time:      9:30 a.m.**
14    _____)    **Courtroom:  6, Hon. Judge Mendez**

15        Plaintiff F.E.A., INC. ("Plaintiff") having moved for a Preliminary Injunction enjoining and

16    restraining the defendants from manufacturing, selling or distributing merchandise bearing the

17    federally registered trademarks, servicemarks, logos, likenesses or other indicia of the musical artist

18    known as **"BRITNEY SPEARS"** (the "Artist") (collectively the "Artist's Marks") ordering the

19    seizure and impounding of such articles; and service having been effected upon certain defendants at

20    the Artist's performances which have previously occurred; and Plaintiff's application having come on

21    for a hearing before the Honorable John A. Mendez on the 22nd day of June, 2011, at the United

22    States Courthouse in the Eastern District of California, Sacramento, and Plaintiff having appeared by

23    its attorneys, and there having been no other appearances;

24        Now, on presentation and consideration of Plaintiff's application for a preliminary

25    injunction and order of seizure, the declaration in support thereof and all other pleadings and prior

26    proceedings heretofore had herein in this matter, the Court hereby finds:

27

28        1.    By reason of the substantial and continuous use of the Artist's Trademarks in

connection with the Artist's products and services, said marks have acquired meanings identified with the Artist and with products and services associated with her;

2.       The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Marks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's performances, without having obtained a license or other authorization to do so, as alleged in the complaint;

3.       The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.       Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Artist; and

5.       Copies of this Court's Order to Show Cause On Motion For Preliminary Injunction with A Temporary Restraining and Seizure Order, and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, "bootleg" merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the Artist's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

2

1      (B)   Manufacturing, distributing, selling, and/or holding for sale any clothing or other
2   merchandise which carries or otherwise uses any or all of the Artist's Trademarks; or

3      ( c)   Aiding, abetting, inducing, or encouraging another to perform any of the acts
4   enjoined herein.

5   **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in
6   which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local
7   deputy sheriffs, off-duty officers of the same, Peter Merluzzi and any person acting under their
8   supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound
9   any and all unauthorized merchandise bearing any or all of the Artist's Marks (i.e. the **BRITNEY**
10  **SPEARS** marks) or any colorable imitations or variations thereof, or associated marks which
11  defendants or their agents, employees or representatives attempt to sell or are holding for sale in
12  the vicinity of any of the Artist's performances from six (6) hours before to six (6) hours after any
13  performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which
14  the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or
15  is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is
16  transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing
17  any or all of the Artist's Marks, or any colorable imitations or variations thereof, sold and held for
18  sale in the vicinity of the arenas or other venues at which the Artist shall be performing, or
19  elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed
20  to be merchandise subject to the seizure provisions of this Order.

21  **IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the
22  Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure
23  provided herein is effected, and that such service shall be deemed good and sufficient.

24
25
26
27
28

PRELIMINARY INJUNCTION AND SEIZURE ORDER

1      **IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this

2 order promptly, courteously and peaceably identify himself or herself to the aforementioned

3 Process Server and that the Process Server or agents for Plaintiff be allowed to photograph,

4 videotape or otherwise identify the defendant.

5      **IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person

6 from whom goods are seized.

7      **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of

8 this Order who objects to the provisions herein may submit his or her objections to this Court or

9

10 otherwise move for relief from this Court within ten (10) days of the date of seizure according to

11 the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or

12 stay the terms hereof unless otherwise ordered by this Court.

13      **IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized

14 in this action be delivered up to the Plaintiff or the persons designated above, pending final

15 disposition of this matter.

16

17      **IT IS SO ORDERED.**

     *NO BOND IS REQUIRED JAM*

18 Dated: June 22, 2011

19     At: _9 55_ . m.

     THE HONORABLE JOHN A. MENDEZ

     UNITED STATES DISTRICT COURT JUDGE

20 Respectfully Submitted,

By: /s/ Cara R. Burns, Esq.

21 Cara R. Burns (SBN: 137557)

Hicks, Mims, Kaplan & Burns

22 3250 Ocean Park Blvd, Ste 350; Santa Monica, CA 90405

23 Tel: (310) 314-1721; Fax: (310) 314-1725

cburns@hmkblawyers.com

24

25

26

27

28

PRELIMINARY INJUNCTION AND SEIZURE ORDER

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TSURT, LLC, | ) |
| | ) |
| Plaintiff, | ) ACTION NO. 1:11 cv 11372 RWZ |
| | ) |
| vs. | ) |
| | ) |
| JOHN DOES 1-100, individuals, et. al. | ) |
| | ) |
| Defendants. | ) |

## ~~[PROPOSED]~~ PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff TSURT, LLC ("Plaintiff") having moved for a preliminary injunction to enjoin and restrain the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, likenesses, logos, and other indicia of the musical group **"BLINK 182"** (the "Group") (collectively the "Group's Marks") and an order to seize and impound the same; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Rya W. Zobel on the 11th day of August, 2011, at the United States Courthouse for the District of Massachusetts, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Group's Marks i.e. the federally registered trademarks, servicemarks, likenesses, logos, and other indicia of

the Group in connection with the Group's work as musical performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.  The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's Marks, and have committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Marks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.  The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.  Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.  Copies of this Court's Temporary Restraining Order, Seizure Order, and Order to Show Regarding Why A Preliminary Injunction and Seizure Order Should Not Issue, and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)　　Using any or all of the Group's Marks i.e. the federally registered trademarks, servicemarks, likenesses, logos, and other indicia of the Group, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)　　Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Group's Marks, i.e. the trademarks, servicemarks, likenesses, logos, and other indicia of the Group; or

( c)　　Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Christopher Siglin and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the Group's Marks (i.e. the federally registered trademarks, servicemarks, likenesses, logos, and other indicia of the Group **"BLINK 182"**) or any colorable imitations or variations thereof, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group

within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the Group, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days

4

of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: August 11, 2011

At: 2:2 _p_. m.

**THE HONORABLE RYA W. ZOBEL**
**UNITED STATES DISTRICT COURT JUDGE**

Respectfully Submitted,
TSURT, LLC
By Its Attorneys

/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
Rissman, Hendricks & Oliverio LLP
100 Cambridge Street, Suite 2101
Boston, Massachusetts 02114
Telephone: (617) 367-4600
Facsimile: (617) 367-4656

Cara R. Burns, Esq. (Cal. Bar # 137557)
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01297 CMA-MEH

LIVE NATION MERCHANDISE, INC.,

        Plaintiff,

vs.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,

        Defendants.

---

## PRELIMINARY INJUNCTION AND SEIZURE ORDER

---

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, servicemarks, logos, likenesses and other indicia of the musical group "U2" (the "Group") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Judge Christine M. Arguello on the 1st day of June, 2011, at the United States Courthouse for the District of Colorado, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1

1.    By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the Group in connection with the Group's work as musical performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's trademarks, servicemarks, likenesses, logos and other indicia owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the federally registered trademarks, servicemarks, likenesses, logos and other indicia of the Group at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.    Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of

2

Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group **U2** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from ten (10) hours before to six (6) hours after any

3

performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, likenesses, logos and other indicia of the Group, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days

4

of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: June 1st, 2011

At: __9:15__ __a__ . m.

HONORABLE CHRISTINE M. ARGUELLO
UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted
__/s Cara R. Burns__
CARA R. BURNS, Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Tel: (310) 314-1721/ fax: (310) 314-1725
E-mail: cburns@hmkblawyers.com
Attorney for Plaintiff

1 | Cara R. Burns (State Bar No. 137557)
2 | cburns@hmkblawyers.com
| HICKS, MIMS, KAPLAN & BURNS
3 | 3250 Ocean Park Blvd, Ste 350
| Santa Monica, California 90405
4 | Telephone: (310) 314-1721
5 | Facsimile: (310) 314-1725
| Attorneys for Plaintiff,
6 | F.E.A., INC.
7
8 | **UNITED STATES DISTRICT COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA**
10
11 | F.E.A., INC.,                              ) Case No. CV 11-3024 ABC
|                                            ) (JEMx)
12 |              Plaintiff,                   )
|                                            ) [~~PROPOSED~~] PRELIMINARY
13 |        v.                                 ) INJUNCTION AND SEIZURE
|                                            ) ORDER
14 | JOHN DOES 1-5, JANE DOES 1-4 AND           )
| XYZ COMPANY,                               ) Hearing Date: April 21, 2011
15 |                                            ) Time:         10:00 a.m.
|              Defendants.                   ) Courtroom:    680, Hon. Audrey
16 | _____ ) B. Collins
17 | _                                          )
|                                            )

Plaintiff F.E.A., INC. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, likenesses and other indicia of the musical artist known as **"PRINCE"** (the "Artist") (collectively the "Artist's Trade,arks") ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Audrey B. Collins on the 21st day of April, 2011, at the United States Courthouse in the Central District of California, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a

1   preliminary injunction and order of seizure, the declaration in support thereof and all

2   other pleadings and prior proceedings heretofore had herein in this matter, the Court

3   hereby finds:

4       1.    By reason of the substantial and continuous use of the Artist's Trademarks

5   in connection with the Artist's work as a performer, said marks have acquired meanings

6   identified with the Artist and with products and services associated with him;

7       2.    The served defendants, and those in active concert or participation with

8   such defendants, have infringed upon Plaintiff's rights in the Artist's Trademarks, as

9   well committed acts of unfair competition against Plaintiff herein by manufacturing,

10   distributing, offering for sale and selling merchandise bearing any or all of the Artist's

11   Trademarks at or near the sites of the Artist's concerts, without having obtained a

12   license or any other authorization to do so, as alleged in the complaint;

13       3.    The defendants' acts, and those in active concert or participation with

14   them, constitute a violation of the U. S. Trademark Act in that they: a) involve goods or

15   services, b) are activities which affect interstate commerce, and c) infringe the

16   trademark and/or bear a false designation of the source or origin of such goods or are

17   likely to cause confusion, mistake or deception as to the affiliation, connection,

18   association, sponsorship or approval of Plaintiff and/or the Artist with respect to such

19   goods;

20       4.    Defendants, and those in active concert or participation with them, will

21   continue to sell such unauthorized merchandise unless enjoined by the Court; and

22       5.    Copies of this Court's Order to Show Cause On Motion For Preliminary

23   Injunction with A Temporary Restraining and Seizure Order, and the Complaint filed in

24   support of Plaintiff's application in this case have been served upon the defendants and

25   unauthorized, "bootleg" merchandise has been seized from the defendants;

26

27

28

1    **NOW, THEREFORE, IT IS HEREBY**

2    **ORDERED,** that the defendants, their agents, servants, employees, attorneys,

3 successors, and assigns, and all persons, firms, and corporations acting in active concert

4 or participation with said defendants, are enjoined and restrained from:

5    (A)   Using any or all of the Artist's Trademarks in connection with the sale,

6 offering for sale, distribution, and/or advertising of any clothing or other merchandise;

7    (B)   Manufacturing, distributing, selling, and/or holding for sale any clothing or

8 other merchandise which carries or otherwise uses any or all of the Artist's

9 Trademarks; or

10    ( c)   Aiding, abetting, inducing, or encouraging another to perform any of the

11 acts enjoined herein.

12    **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any

13 district in which Plaintiff seeks to enforce this Order in the United States, the state

14 police, local police, local deputy sheriffs, off-duty officers of the same, Steven Lewis

15 and any person acting under their supervision (collectively "Process Servers"), are

16 hereby similarly authorized to seize and impound any and all unauthorized merchandise

17 bearing any or all of the Artist's Trademarks (i.e. the **PRINCE** marks) including the

18

19

20 

trademarked symbol:

21

22 or any colorable imitations or variations thereof, or associated marks which defendants

23 or their agents, employees or representatives attempt to sell or are holding for sale in

24 the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours

25 after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums

26 or arenas at which the Artist shall be performing or elsewhere where such merchandise

27 is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle,

28 or container in which the merchandise is transported or stored. All clothing, jewelry,

1  photographs, posters and other merchandise bearing any or all of the Artist's

2  Trademarks, or any colorable imitations or variations thereof, sold and held for sale in

3  the vicinity of the arenas or other venues at which the Group shall be performing, or

4  elsewhere where such merchandise is being sold, held for sale or otherwise found, shall

5  be deemed to be merchandise subject to the seizure provisions of this Order.

6      **IT IS FURTHER ORDERED**, that service of a copy of this Order, together

7  with the Summons and Complaint, be made upon defendants by the Process Servers at

8  the time the seizure provided herein is effected, and that such service shall be deemed

9  good and sufficient.

10     **IT IS FURTHER ORDERED**, that each and every defendant served with a

11 copy of this order promptly, courteously and peaceably identify himself or herself to the

12 aforementioned Process Server and that the Process Server or agents for Plaintiff be

13 allowed to photograph, videotape or otherwise identify the defendant.

14     **IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to

15 each person from whom goods are seized.

16     **IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with

17 a copy of this Order who objects to the provisions herein may submit his or her

18 objections to this Court or otherwise move for relief from this Court within ten (10)

19 days of the date of seizure according to the Federal Rules of Civil Procedure, but no

20 such objection shall serve to suspend this Order or stay the terms hereof unless

21 otherwise ordered by this Court.

22     **IT IS FURTHER ORDERED**, that all unauthorized items heretofore or

23 hereafter seized in this action be delivered up to the Plaintiff or the persons designated

24 above, pending final disposition of this matter.

25

26     **IT IS FURTHER ORDERED**, that the bond heretofore deposited with the

27 Clerk of this Court to secure payment of costs incurred in enforcing the provisions of

28 the temporary restraining order and any damages sustained by any party who is found

1   to have been wrongfully enjoined thereby is hereby continued until final disposition of

2   this matter.

3       **IT IS SO ORDERED.**

4   Dated: April 21, 2011

5   At: 10:00 a. m.        **THE HONORABLE AUDREY B. COLLINS**
                     **UNITED STATES DISTRICT COURT**

6

7   Respectfully Submitted,

8   F.E.A., INC.
    Cara R. Burns

9   Cara R. Burns, Esq. (Cal. Bar # 137557)

10   Hicks, Mims, Kaplan & Burns
    3250 Ocean Park Blvd, Ste 350, Santa Monica, CA 90405

11   Telephone: (310) 314-1721; Facsimile: (310) 314-1725

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road
Melville, New York 11747
Telephone: (631) 501-5700
Facsimile: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725
cburns@hmkblawyers.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

—————————————————————x

LIVE NATION MERCHANDISE, INC.,
a Delaware corporation,

                            **Plaintiff,**

v.

JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals,
and XYZ COMPANY, business
entity form unknown, inclusive,
                            **Defendants.**

**CASE NO: 2:11-cv-01335 SJF-ARL**

**[PROPOSED]
PRELIMINARY INJUNCTION
AND SEIZURE ORDER**

—————————————————————x

## [PROPOSED] PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff Live Nation Merchandise, Inc. ("Plaintiff") having moved for a preliminary injunction to enjoin and restrain the defendants from manufacturing, selling or distributing merchandise bearing the trademarks, servicemarks, logos, and likenesses of the musical Artist **"LIL WAYNE"**, as well as his associated marks including **"WAYNE CARTER," "DWAYNE CARTER"** and **"WEEZY"** (collectively the "Artist's Marks") and an order to seize and impound the same; and service having been

1

effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Sandra J. Feuerstein on the 29th day of March, 2011, at the United States Courthouse for the Eastern District of New York, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the Artist's Marks i.e. the trademarks, servicemarks, logos, and likenesses of the Artist in connection with the Artist's work as a musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Marks, and have committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation;

2

connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the Artist's Marks i.e. the trademarks, servicemarks, logos and likenesses of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B) Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Marks, i.e. the trademarks, servicemarks, likenesses or logos of the Artist; or

( c) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Peter Weber and any person acting under their supervision (collectively "Process Servers") are hereby

3

similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, logos or likenesses of the Artist **"LIL WAYNE,"** i.e. and his associated marks, such as **"WAYNE CARTER," "DWAYNE CARTER"** and **"WEEZY"** – i.e. the Artist's Marks, or any colorable imitations or variations thereof, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, logos or likenesses of the Artist or his associated marks, or any colorable imitations or variations thereof, sold, held for sale or otherwise found, in the vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

4

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: March 29, 2011

At: 10 ³⁵ a. m.

Respectfully submitted,

**THE HONORABLE SANDRA J. FEUERSTEIN**
**UNITED STATES DISTRICT COURT JUDGE**

By: _____
David M. Carter (DC 2188)
Francesco Sardone (FS 5557)
CARTER, DELUCA, FARRELL & SCHMIDT, LLP
445 Broad Hollow Road, Suite 225
Melville, New York 11747
Telephone: (631) 501-5700
Facsimile: (631) 501-3526
dcarter@cdfslaw.com

Cara R. Burns (CB 1071)
HICKS, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: 310-314-1721
Facsimile: 310-314-1725
cburns@hmkblawyers.com
**Attorneys for Plaintiff**

5

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ARNIE BARN, INC.,

          **Plaintiff,**

v.

CASE NO: 8:11-cv-00540-T-26AEP

DAVE JONES, an individual,
JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals,
and XYZ COMPANY, business
entity form unknown,

          **Defendants**

_____/

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff Arnie Barn, Inc. ("Plaintiff") having moved for a preliminary injunction to enjoin and restrain the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, and likenesses of the musical Artist **"KENNY CHESNEY"** (collectively the "Artist's Marks") and an order to seize and impounding the same; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Richard A. Lazzara on the 25th day of March, 2011, at the United States Courthouse for the Middle District of Florida, Tampa Division, Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Artist's Marks i.e. the federally registered trademarks, servicemarks, logos, and likenesses of the Artist in connection with the Artist's work as a musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with him;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Marks, and have committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

-2-

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Artist's Marks i.e. the trademarks, servicemarks, logos and likenesses of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Marks, i.e. the trademarks, servicemarks, likenesses or logos of the Artist; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Timothy Holt and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the federally registered trademarks, servicemarks, logos or likenesses of the Artist **"KENNY CHESNEY,"** i.e. the Artist's Marks, or any colorable imitations or variations thereof, or associated marks, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which

-3-

the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale

or is otherwise found, including in any carton, bag, vehicle, or container in which the

merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other

merchandise bearing any or all of the Artist's Marks, or any colorable imitations or variations

thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist

shall be performing, or elsewhere where such merchandise is being sold, held for sale or

otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this

Order.

     **IT IS FURTHER ORDERED** that service of a copy of this Order, together with the

Summons and Complaint, be made upon defendants by the Process Servers, at the time of the

seizure provided herein is effected and that such service shall be deemed good and sufficient.

     **IT IS FURTHER ORDERED** that each and every defendant served with a copy of this

order promptly, courteously and peaceably identify himself or herself to the aforementioned

Process Server and that the Process Server or agents for Plaintiff be allowed to photograph,

videotape or otherwise identify the defendant.

     **IT IS FURTHER ORDERED** that the Process Server shall offer a receipt to each

person from whom goods are seized.

     **IT IS FURTHER ORDERED** that any Defendant who is hereafter served with a copy

of this Order who objects to the provisions herein may submit his or her objections for this Court

or otherwise move for relief from this Court within ten (10) days of the date of seizure according

to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order

or stay the terms hereof unless otherwise ordered by this Court.

-4-

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

IT IS FURTHER ORDERED that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

DONE AND ORDERED at Tampa, Florida, on March 25, 2011.

s/Richard A. Lazzara
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record

-5-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**F.E.A., INC.**

         **Plaintiff,**

**v.**

**JOHN DOES 1-100, individuals,**
**JANE DOES 1-100, individuals,**
**and XYZ COMPANY, business**
**entity form unknown, inclusive,**

         **Defendants**

**Case No: 11-10136**
**Hon. John Corbett O'Meara**

---

| | |
|---|---|
| RUTLEDGE, MANION, RABAUT, TERRY, & THOMAS P.C. BY: JOSEPH J. WRIGHT (P41289) 4000 Penobscot Building Detroit, Michigan 48226 Telephone: (313) 965-6100 Facsimile: (313) 965-6558 Jwright@rmrtt.com | HICKS, MIMS, KAPLAN & BURNS BY:CARA R. BURNS (CA Bar No. 137557) (Admitted in Eastern District of Michigan) 3250 Ocean Park Blvd, Ste 350 Santa Monica, California 90405 Telephone: (310) 314-1721 Facsimile: (310) 314-1725 cburns@hmkblawyers.com |

---

**PRELIMINARY INJUNCTION AND SEIZURE ORDER**

Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademark, servicemarks, likenesses or tour logos of the musical artist **"KID ROCK"** (the "Artist") (collectively the "Artist's Marks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable John Corbett O'Meara on the 25th day of January, 2011, at the

1

United States Courthouse for the Eastern District of Michigan, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.    By reason of the substantial and continuous use of the Artist's Marks in connection with the Artist's work as a musical performing artist, said Marks have acquired meanings identified with the Artist and with products and services associated with him;

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's Marks, as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Artist's Marks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.    Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

2

5.      Copies of this Court's Temporary Restraining Order and Order of Seizure; and Hearing on Motion for a Preliminary Injunction and Seizure Order and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the Artist's Marks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the Artist's Marks; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all unauthorized merchandise bearing any or all of the federally registered trademarks, servicemarks, logos or likenesses of the Artist **"KID ROCK,"** i.e. the Artist's Marks, or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist

3

within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the Artist Marks, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

4

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Date: January 25, 2011
At: 2:35 p.m.

s/JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

F.E.A., INC.
   /s/ Cara R. Burns
Cara R. Burns (Admitted in ED MI)
HICK, MIMS, KAPLAN & BURNS
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Telephone: (310) 314-1721
Facsimile: (310) 314-1725

Joseph J. Wright (P41289)
RUTLEDGE, MANION, RABAUT,
TERRY, & THOMAS P.C.
4000 Penobscot Building
Detroit, Michigan 48226
Telephone: (313) 965-6100
Facsimile: (313) 965-6558

5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIVE NATION MERCHANDISING, INC.,

        Plaintiff,

v.                              Case No.:  8:10-cv-371-T-33AEP

DAVE SMITH, et al.,

        Defendants.

_____/

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

        Plaintiff, Live Nation Merchandising, Inc., having moved for a Preliminary Injunction enjoining and restraining Defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, servicemarks, logos, or likenesses of the musical group "BLACK EYED PEAS" (the "Group") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a Hearing before the Honorable Judge Anthony E. Porcelli, United States Magistrate Judge, on February 12, 2010, at the United States Courthouse for the Middle District of Florida, and Plaintiff having appeared by its attorneys, and there having been no other appearances or filed objections;

        Now, on presentation and consideration of Plaintiff's application for a

preliminary injunction and order of seizure (Doc. 2), the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, and based on the February 12, 2010, "Report and Recommendation" issued by Magistrate Judge Porcelli (Doc. 18), the Court hereby finds:

1.    By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, likenesses, or logos of the Group in connection with the Group's work as musical performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.    The served Defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's trademarks, servicemarks, likenesses, or logos owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the federally registered trademarks, servicemarks, likenesses, and logos of the Group at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The acts of Defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a) involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation,

2

connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.     Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Order and the Complaint filed in support of Plaintiff's application in this case have been served upon Defendants and unauthorized, bootleg merchandise has been seized from Defendants;

Accordingly, it is hereby,

**ORDERED, ADJUDGED** and **DECREED** that:

Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with Defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, likenesses, and logos of the Group, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, likenesses, and logos of the Group; or

( C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED that the U.S. Marshal for the Middle District of

3

Florida or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Peter Weber and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses, and logos of the Group BLACK EYED PEAS or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours after any performance of the Group within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Group shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, likenesses, and logos of the Group, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

IT IS FURTHER ORDERED that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at

the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

IT IS FURTHER ORDERED that each and every defendant served with a copy of this Order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

IT IS FURTHER ORDERED that the Process Server shall offer a receipt to each person from whom goods are seized.

IT IS FURTHER ORDERED that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

IT IS FURTHER ORDERED that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition

of this matter.

     **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of

February 2010.

                                 VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

1

2

3

4

5

6                 **IN THE UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF ARIZONA**

8

| | |
|---|---|
| **SIGNATURES NETWORK, INC.,** ) | **Case No.  CV09-00637 PHX DGC** |
| **Plaintiff,** ) | **PRELIMINARY INJUNCTION AND** |
| v. ) | **ORDER OF SEIZURE** |
| **JOHN DOES 1-100, JANE DOES 1-100 AND XYZ COMPANY,** ) | |
| **Defendants.** ) | |

Plaintiff Signatures Network, Inc. ("Plaintiff") having moved for a Preliminary Injunction and Order of Seizure enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tour logos, or likenesses of the musical group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"** (the "Group") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Group's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable David G. Campbell on the 10th day of April, 2009, at the United States Courthouse in the District of Arizona, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

    Now, on presentation and consideration of Plaintiff's application for a

preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.    By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, tour logos, and likenesses of the Group in connection with their work as musical performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Group's trademarks, servicemarks, tour logos and likenesses owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tour logos and likenesses of the Group at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.    The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods;

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.    Copies of this Court's Temporary Restraining Order, Seizure Order and Order to Show Why A Preliminary Injunction and Seizure Order Should Not Issue, and the Complaint filed in support of Plaintiff's application in this case have been

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

1   served upon the defendants and unauthorized, "bootleg" merchandise has been
2   seized from the defendants;

3       **NOW, THEREFORE, IT IS HEREBY**

4       **ORDERED**, that the defendants, their agents, servants, employees, attorneys,
5   successors, and assigns, and all persons, firms, and corporations acting in active
6   concert or participation with said defendants, are enjoined and restrained from:

7       (A)   Using any or all of the trademarks, servicemarks, tour logos and
8   likenesses of the Group, in connection with the sale, offering for sale, distribution,
9   and/or advertising of any clothing or other merchandise;

10      (B)   Manufacturing, distributing, selling, and/or holding for sale any
11  clothing or other merchandise which carries or otherwise uses any or all of the
12  trademarks, servicemarks, tour logos and  likenesses of the Group; or

13      ( c)   Aiding, abetting, inducing, or encouraging another to perform any of
14  the acts enjoined herein.

15      **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for
16  any district in which Plaintiff seeks to enforce this Order in the United States, the
17  state police, local police, local deputy sheriffs, off-duty officers of the same, and any
18  person acting under their supervision (collectively "Process Servers"), are hereby
19  similarly authorized to seize and impound any and all unauthorized merchandise
20  bearing any or all of the trademarks, servicemarks, tour logos and likenesses of the
21  Group **"BRUCE SPRINGSTEEN AND THE E STREET BAND"** or any
22  colorable imitations or variations thereof, or associated marks which defendants or
23  their agents, employees or representatives attempt to sell or are holding for sale in
24  the vicinity of any of the Group's concerts from six (6) hours before to six (6) hours
25  after any performance of the Group within a ten (10) mile vicinity of the halls,
26  stadiums or arenas at which the Group shall be performing or elsewhere where such
27  merchandise is being sold, held for sale or is otherwise found, including in any
28  carton, bag, vehicle, or container in which the merchandise is transported or stored.

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tour logos and likenesses of the Group, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Group shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time the seizure provided herein is effected, and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is

found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

**Dated this 14th day of April, 2009.**

David G. Campbell
United States District Judge

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

SIGNATURE NETWORK, INC.,                    CASE NO. CV F 08-898 LJO SMS

           Plaintiff,                **PRELIMINARY INJUNCTION AND ORDER OF SEIZURE**

    vs.

JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY,

           Defendants.
_____/

    Plaintiff Signatures Network, Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, likenesses or images (collectively, the "Tour's Marks") of the popular musical tour known as **"AMERICAN IDOLS LIVE"** (the "Tour") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Tour's performances which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Lawrence J. O'Neill on the 10th day of July, 2008, at the United States Courthouse for the Eastern District of California, Fresno and Plaintiff having appeared by its attorney, Cara Burns, and there having been no other appearances;

    Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1

1.       By reason of the substantial and continuous use of the trademarks, servicemarks, likenesses, logos, or images of the Tour in connection with the Tour's performance work, said marks have acquired meanings identified with the Tour and with products and services associated with them such as the Tour's Marks;

2.       The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Tour's trademarks, servicemarks, likenesses, logos, images or other of the Tour's Marks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, likenesses, logos, and images of the Tour or the Tour's Marks at or near the sites of the Tour's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.       The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Tour with respect to such goods;

4.       Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.       Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Cause Why a Preliminary Injunction Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, likenesses, logos, or images of the Tour

1   or the Tour's Marks, in connection with the sale, offering for sale, distribution, and/or advertising of any

2   clothing or other merchandise;

3       (B)   Manufacturing, distributing, selling, and/or holding for sale any clothing or other

4   merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames,

5   likenesses, logos, or images of the Tour or the Tour's Marks; or

6       ( c )   Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined

7   herein.

8       **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which

9   Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy

10  sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively

11  "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized

12  merchandise bearing any or all of the Tour's Marks, namely the trademarks, servicemarks, likenesses,

13  logos, or images of the Tour **"AMERICAN IDOLS LIVE," (including "AMERICAN IDOL")** or any

14  colorable imitations or variations thereof, or associated marks which defendants or their agents,

15  employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Tour's

16  performances from six (6) hours before to six (6) hours after any performance of the Tour within a ten

17  (10) mile vicinity of the halls, stadiums or arenas at which the Tour shall be performing or elsewhere

18  where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag,

19  vehicle, or container in which the merchandise is transported or stored.   All clothing, jewelry,

20  photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks,

21  likenesses, logos, or images of the Tour, or any colorable imitations or variations thereof, sold and held

22  for sale in the, vicinity of the arenas or other venues at which the Tour shall be performing, or elsewhere

23  where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be

24  merchandise subject to the seizure provisions of this Order.

25      **IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons

26  and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided

27  herein is effected and that such service shall be deemed good and sufficient.

28      **IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order

3

1  promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server

2  and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise

3  identify the defendant.

4      **IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from

5  whom goods are seized.

6      **IT IS FURTHER ORDERED,** that any **Defendant who is hereafter served with a copy of**

7  **this Order who objects to the provisions here in may submit his or her objections for this Court**

8  **or otherwise move for relief from this Court within ten (10) days of the date of seizure according**

9  **to the Federal Rules of Civil Procedure,** but no such objection shall serve to suspend this Order or stay

10  the terms hereof unless otherwise ordered by this Court.

11      **IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this

12  action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this

13  matter.

14      **IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court

15  to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and

16  any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby

17  continued until final disposition of this matter.

18      **IT IS FURTHER ORDERED** that this Preliminary Injunction and Order of Seizure shall expire

19  on **October 10, 2008,** unless this Court modifies the Preliminary Injunction and Order of Seizure.  If

20  Plaintiff moves this Court for an extension of time, Defendants shall have the right to appear and oppose

21  Plaintiff's motion.

22      **IT IS FURTHER ORDERED** that Plaintiff shall file a status report with this Court, no later

23  than **August 29, 2008 at 12:00 noon,** to inform this Court whether Plaintiff anticipates the American

24  Idols Live North American Tour to extend beyond September 13, 2008.

25

26  IT IS SO ORDERED.

27  **Dated:    July 10, 2008**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

28

4

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CINDER BLOCK, INC.** | : | |
| **a California Corporation,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **vs.** | : | **No. 08 1293 JKG** |
| | : | |
| **VARIOUS JOHN DOES, individuals,** | : | |
| **VARIOUS JANE DOES, individuals,** | : | |
| **and XYZ COMPANY, business** | : | |
| **entity form unknown, inclusive,** | : | |
| | : | |
| **Defendants.** | : | |

### PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff CINDER BLOCK, INC. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks servicemarks, likenesses, or images of the musical artist known as **"KID ROCK"** (the "Artist") ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the undersigned on the 25th day of March, 2008, at the United States Courthouse in the Eastern District of Pennsylvania, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

      1.     By reason of the substantial and continuous use of the trademarks, servicemarks,

likenesses or images of the Artist in connection with his work as musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with him.

2.    The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's trademarks, servicemarks, likenesses, or images exclusively licensed to Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, likenesses, and images of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint and shown by the declarations by Alan Sitchon.

3.    The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademark and/or bear a false designation of the source or origin of such goods and/or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods.

4.    Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court.

5.    Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order top Show Cause Regarding Why A Preliminary Injunction Should Not Issue and the Complaint

filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, "bootleg" merchandise has been seized from the defendants.

ACCORDINGLY,

IT IS ORDERED, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the trademarks, servicemarks, likenesses, or images of the Artist in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which bares or otherwise uses any or all of the trademarks, servicemarks, likenesses, or images of the Artist; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

IT IS FURTHER ORDERED, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers"), are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses, or images of the Artist "KID ROCK" or any colorable imitations or variations thereof, which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any

performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which

the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or

is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise

is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise

bearing any or all of the trademarks, servicemarks, likenesses, or images of the Artist, or any

colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or

other venues at which the Artist shall be performing, or elsewhere where such merchandise is

being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the

seizure provisions of this Order.

   **IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the

Summons and Complaint, be made upon defendants by the Process Servers at the time the

seizure provided herein is effected, and that such service shall be deemed good and sufficient.

   **IT IS FURTHER ORDERED**, that each and every defendant served with a copy of this

Order shall promptly, courteously and peaceably identify himself or herself to the aforementioned

Process Server and that the Process Server or agents for Plaintiff be allowed to photograph,

videotape or otherwise identify the defendant.

   **IT IS FURTHER ORDERED**, that the Process Server shall offer a receipt to each

person from whom goods are seized.

   **IT IS FURTHER ORDERED**, that any Defendant who is hereafter served with a copy

of this Order who objects to the provisions herein may submit his or her objections to this Court

or otherwise move for relief from this Court within ten (10) days of the date of seizure according

to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order

-4-

or stay the terms hereof unless otherwise ordered by this Court.  Any served defendant may

request that this matter be heard in his or her district and Plaintiff will honor that request by

either transferring this action or filing a new action in his or her district.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized

in this action be delivered up to the Plaintiff or the persons designated above, pending final

disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this

Court to secure payment of costs incurred in enforcing the provisions of the temporary

restraining order and any damages sustained by any party who is found to have been wrongfully

enjoined thereby is hereby continued until final disposition of this matter.

**IT IS FURTHER ORDERED** that this Preliminary Injunction and Order of Seizure

shall expire at 5:00 o'clock p.m., Eastern Standard Time on December 31, 2008 unless on or

before that date and time a final injunction has been issued, the within Preliminary Injunction and

Order of Seizure has been withdrawn, the within action has been discontinued, or the within

injunction and Order has been extended by court Order entered prior to that time.


BY THE COURT


Dated: March 25, 2008          /s/ JAMES KNOLL GARDNER

At: 12:15 o'clock p.m.         **JAMES KNOLL GARDNER
                               UNITED STATES DISTRICT JUDGE**


-5-

Case 2:14-cv-00688-HGB-JCW   Document 2-11   Filed 03/26/14   Page 64 of 105

Case 4:07-cv-01303   Document 9   Filed in TXSD on 04/30/07   Page 1 of 6
Case 4:07-cv-01303   Document 7   Filed 04/26/2007   Page 1 of 6

United States Courts
Southern District of Texas
ENTERED

MAY 0 2 2007

Michael N. Milby, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| F.E.A., INC., | § | **CIVIL ACTION NO. 4:07-CV-01303** |
| **Plaintiff,** | § | **Honorable V. Gilmore** |
| | § | |
| vs. | § | |
| | § | |
| JOHN DOES 1-100, individuals, | § | |
| JANE DOES 1-100, individuals, | § | |
| and XYZ COMPANY, business | § | |
| entity form unknown, inclusive, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PRELIMINARY INJUNCTION
## AND ORDER OF SEIZURE

Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images of the musical artist **"JIMMY BUFFETT"** (the "Artist") and his marks **"JIMMY BUFFETT," "MARGARITAVILLE," "CARIBBEAN SOUL," "CORAL REEFER BAND,"** and **"PARROT HEAD"** (collectively, the "Artist's Marks") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Vanessa Gilmore on the 30th day of April, 2007, at the United States Courthouse for the Southern District of Texas, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.      By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist in connection with the artist's work as a musical performing artist, said marks have acquired meanings identified with the Artist and with products and services associated with him such as the Artist's Marks;

2.      The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's federally registered trademarks, servicemarks, tradenames, likenesses, logos, images or other Artist's Marks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, and images of the Artist or the Artist's Marks at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation,

2

connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.      Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Cause Why a Preliminary Injunction Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist or the Artist's Marks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist or the Artist's Marks; or

( c)      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

2057500.1

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist or the Artist's Marks, namely **"JIMMY BUFFETT," "MARGARITAVILLE," "CARIBBEAN SOUL" "CORAL REEFER BAND,"** and **"PARROTT HEADS,"** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.   All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

/ / /

4

2057500.1

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

/ / /

/ / /

/ / /

/ / /

2057500.1

*cash*

**IT IS FURTHER ORDERED**, that the bond *previously* deposited with the Clerk

of this Court to secure payment of costs incurred in enforcing the provisions of the

temporary restraining order and any damages sustained by any party who is found to have *will be substituted for a surety bond and*

been wrongfully enjoined thereby is hereby continued until final disposition of this

matter.

**IT IS SO ORDERED.**

Dated: April 30, 2007

THE HONORABLE VANESSA GILMORE
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted,

By: _____
J. Daniel Harkins
Attorney-in-Charge
Texas State Bar No. 09008990
Southern District of Texas Bar No.13009
Bart W. Huffman
Texas State Bar No. 00790930
Southern District of Texas No. 18352
Cox Smith Matthews Incorporated
112 E. Pecan Street, Suite 1800
San Antonio, Texas  78205
Telephone: 210-554-5285
Facsimile: 210-226-8395

Cara Burns, Esq. (Cal. Bar # 137557)
Hicks, Mims, Kaplan & Burns
2800 28th Street, Suite 300
Santa Monica, California 90405
Telephone: 310-314-1721
Facsimile: 310-314-1725
Request for Re- Admission or to Appear to be filed

6

2057500.1



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| F.E.A., INC., | ) |
| | ) |
| **Plaintiff,** | )    Case No. 06 C 5244 |
| | ) |
| vs. | )    Judge Harry D. Leinenweber |
| | ) |
| VARIOUS JOHN DOES, individuals, | )    Magistrate Judge Arlander Keys |
| VARIOUS JANE DOES, individuals, | ) |
| and XYZ COMPANY, business | ) |
| entity form unknown, inclusive, | ) |
| | ) |
| **Defendants.** | ) |

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff F.E.A., Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the trademarks, servicemarks, tradenames, logos, likenesses or images of the musical group **"CHEETAH GIRLS"** (the "Artist") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Harry D. Leinenweber on the 12th day of October, 2006, at the United States Courthouse for the Northern District of Illinois, Eastern Division, and Plaintiff having appeared by its attorneys, and there having been no other appearances.

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist in connection with the artist's work as a musical performing artist, said marks have acquired meanings identified with the Artist and with products and services associated with the Artist;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, and images of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.     Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.     Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of

Plaintiff's application in this case have been served upon the defendants and unauthorized merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)    Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Steven Lewis and any person acting under their supervision (collectively "Process Servers") are hereby authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist **CHEETAH GIRLS** or any colorable imitations or variations thereof which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6) hours before to six (6) hours after any

3

performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.   All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

IT IS FURTHER ORDERED, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

IT IS FURTHER ORDERED, that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

IT IS FURTHER ORDERED, that the Process Server shall offer a receipt to each person from whom goods are seized.

IT IS FURTHER ORDERED, that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of

4

seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

    **IT IS SO ORDERED.**

Dated: October ___, 2006

At: ___ . ___. m.

_____
**THE HONORABLE HARRY D. LEINENWEBER**
**UNITED STATES DISTRICT COURT JUDGE**

Bart A. Lazar, Esq.
**SEYFARTH SHAW LLP**
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Telephone: (312) 346-8000
Facsimile: (312) 269-8869

Cara R. Burns
**HICKS, MIMS, KAPLAN & BURNS**
725 South Figueroa Street, Suite 2280
Los Angeles, California 90017
Telephone: (213) 607-2290
Facsimile: (213) 538-1375

Attorneys for Plaintiff, F.E.A., Inc.

1   **PETER ALPERT, ESQ. (SBN 3488)**
    **2950 East Rochelle Avenue**
2   **Las Vegas, Nevada 89121**
    **Telephone: (702) 866-6155**
3   **Facsimile: (702) 382-0147**

4   **CARA R. BURNS, ESQ. (pro hac vice requested)**
    **725 South Figueroa Street, Suite 2280**
5   **Los Angeles, California 90017**
    **Telephone:    (213) 538-1371**
6   **Facsimile:     (213) 538-1375**

7   **Attorneys for Plaintiff,**
    **Signatures Network, Inc.**
8

9

10

11                    **UNITED STATES DISTRICT COURT**

12                         **DISTRICT OF NEVADA**

13   **SIGNATURES NETWORK, INC.,**              )   **Case No. CV-S-05-0884 LDG RJJ**
                                                  )
14                **Plaintiff,**                  )   [PROPOSED] **PRELIMINARY**
                                                  )   **INJUNCTION AND ORDER OF**
15          v.                                    )   **SEIZURE**
                                                  )
16   **JOHN DOES 1-100, JANE DOES 1-100**         )
     **AND XYZ COMPANY,**                         )
17                                                )
                  **Defendants.**                 )
18   _____            )

19

20          Plaintiff Signatures Network, Inc. ("Plaintiff") having moved for a Preliminary injunction

21   enjoining and restraining the defendants from manufacturing, selling or distributing merchandise

22   bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images

23   of the musical group **"MEGADETH"** (the "Artist") and ordering the seizure and impounding of

24   such articles; and service having been effected upon certain defendants at the Artist's concerts

25   which have previously occurred; and Plaintiff's application having come on for a hearing before

26   the Honorable Lloyd D. George on the 1st day of August, 2005, at the United States Courthouse

27

28

                                                                                      7

for the District of Nevada in Las Vegas, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.  By reason of the substantial and continuous use of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist in connection with the group's work as a musical performing group, said marks have acquired meanings identified with the Artist and with products and services associated with the group;

2.  The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, and images of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.  The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.  Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist; or

(C)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Peter Weber and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist **"MEGADETH,"** or any individual member, or any associated mark, such as **"GIGANTOUR,"** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artist's concerts from six (6)

hours before to six (6) hours after any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the federally registered trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED**, that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated August 1, 2005
At: 9:15 A.m.

**THE HONORABLE LLOYD D. GEORGE
UNITED STATES DISTRICT COURT JUDGE**

Presented By:

**PETER ALPERT, ESQ. (SBN 3488)**
**2950 East Rochelle Avenue**
**Las Vegas, Nevada 89121**
**Telephone: (702) 866-6155/Facsimile: (702) 382-0147**

**CARA R.BURNS, ESQ.**
**725 South Figueroa Street, Suite 2280**
**Los Angeles, CA 90017/Tel: (213) 538-1370/Fax: (213) 538-1375**

ORIGINAL

RECEIVED
ENTERED                    SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 1 2005

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                          DEPUTY

FILED                    RECEIVED
ENTERED                   SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 1 2005

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                          DEPUTY

1  **PETER ALPERT, ESQ. (SBN 3488)**
   **2950 East Rochelle Avenue.**
2  **Las Vegas, Nevada 89121**
   **Telephone: (702) 866-6155**
3  **Facsimile: (702) 382-0147**

4  **CARA R.BURNS, ESQ. (pro hac vice requested)**
   **725 South Figueroa Street, Suite 2280**
5  **Los Angeles, California 90017**
   **Telephone:  (213) 538-1370**
6  **Facsimile:  (213) 538-1375**

7  Attorneys for Plaintiff,
   Signatures Network, Inc.

8

9

10                 **UNITED STATES DISTRICT COURT**

11                      **DISTRICT OF NEVADA**

12

13  **SIGNATURES NETWORK, INC.,**          )    **Case No. CV-S-05-0884 LDG RJJ**
                                            )
14            **Plaintiff,**                )    **DECLARATION OF PETER**
                                            )    **WEBER IN SUPPORT OF**
15            **v.**                        )    **PRELIMINARY INJUNCTION**
                                            )
16  **JOHN DOES 1-100, JANE DOES 1-100**   )
    **AND XYZ COMPANY,**                    )
17                                          )
              **Defendants.**               )
18

19

20       I, PETER WEBER, hereby declare as follows:

21       1.      I make this declaration in support of Signatures Network, Inc.'s ("Plaintiff")

22  request that a preliminary injunction and order of seizure issue in the above referenced matter.

23       2.      I have personal knowledge of the facts set forth herein and am authorized by

24  Plaintiff to make this declaration.  If called as a witness, I could and would be able to testify

25

26  competently to such facts.

27       3.      I make this declaration to inform the Court about the service of the Temporary

28  Restraining Order; Order of Seizure; and Order to Show Cause Re: Preliminary Injunction (the

"Order") previously issued by this Court and to support Plaintiff's request for a nationwide preliminary injunction and order of seizure be issued. The Order was issued to allow the seizure of unauthorized Tour Merchandise, as known as "Bootleg Merchandise" or "Unauthorized Merchandise," that contains the federally registered name, likenesses and tour logos of the popular recording group "MEGADETH" (the "Artist").

4.     I am responsible for, among other duties, coordinating the seizure of Bootleg Merchandise pursuant to the Order. Defendants, also known as Bootleggers, have plagued the past tours of the Artist. Plaintiff has obtained for these and for other artists orders similar to the order that Plaintiff requests the Court to issue, to allow Plaintiff to seize Bootleg Merchandise for the duration of the tour.

5.     As expected, the defendant Bootleggers appeared with the Bootleg Merchandise at the Artist's performance. We seized over One Hundred Twenty (120) bootleg T-shirts and other Bootleg Merchandise since this Court has issued the Order. True and correct copies of some of the proofs of service and receipts for goods seized are attached hereto as Exhibit "A." Plaintiff's attorneys received samples of the Bootleg Merchandise we seized and original authorized merchandise for use in connection with these proceedings.

6.     We have noticed that many shirts contain the name of the tour "GIGANTOUR." The Artist has a currently pending federal registration for this mark, GIGANTOUR, Federal Serial number 78630101, for use in connection with clothing, tours and other uses. The Artist has licensed to Plaintiff the exclusive right to use this mark on clothing and other goods sold during the tour.

7.     Almost all of the Defendants refused to identify themselves when served with the Order and the other documents and they do not carry any identification. In addition, many of the Defendants refused to accept a copy of the Order and the receipt. Often the Bootleggers, when approached by the officer or process server, would ask if the officer/server had an injunction or

order. When the officer/server responded in the affirmative and tried to serve the Order, the Bootleggers would hand over or drop the Bootleg Merchandise (and the Order just served on them) and then walk or run away before the officer/server could give to them a receipt.

8.    As has been my experience with past tours of other artists, it is expected that these Bootleggers will travel to each of the upcoming performances of the Artist. I have already seen some of the defendants served at one performance appear at another performance on the tour selling Bootleg Merchandise. Most of the unauthorized T-shirts seized were identical or nearly identical to each other. Some of the T-shirts are "professional quality" and appear to have been produced in quantity and originated from a common source. All of the individuals from whom the Bootleg Merchandise was seized circulated in the crowd as the audiences were entering the arenas. Because they sold their goods before the show, they preempted Plaintiff's opportunity to sell authorized merchandise within the venue itself. Also some Bootleggers have brought the Bootleg Merchandise into the venue.

9.    As stated in my previous declaration, in all of the matters I have handled since joining Plaintiff many years ago, I am not aware of any Bootlegger appearing in any action filed by Plaintiff, though thousands of people have been served and thousands of pieces of Bootleg Merchandise have been seized.

10.   As previously discussed, the Artist is extremely popular and the performances on the tour are completely sold out. Therefore, due to the popularity of the tour, additional dates are in the process of being added. Should the Court so require, we will inform the Court periodically of these additional dates as they are added to the schedule.

11.   Based upon the foregoing, Plaintiff is requesting that the Court extend the effect of the Order and grant a preliminary injunction binding upon all persons served with process, and on any other persons acting in concert with them, from selling Bootleg Merchandise on the tour, and allowing Plaintiff to seize such unauthorized merchandise.

3

1     I declare under the penalty of perjury under the laws of the United States and the state of

2    Nevada that the foregoing is true and correct.

3     Executed this __th day of August, 2005.

4

5                     PETER WEBER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Jul-22-2008 02:30pm From-                                    +14152477430           T-721   P.003/015   F-541
Case 2:14-cv-00688-HGB-JCW   Document 2-11   Filed 03/26/14   Page 84 of 105
Case 2:05-cv-00884-LDG-GWF   Document 7-2788117   Filed 08/01/05   Page 10 of 11

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the Complaint and the Temporary Restraining Order, Order of Seizure Order and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED

James Seblak
4228 Stanley St
Ritts PA 15407

DATE 7-22-08

ITEM                                              PLACE: Las Vegas / Thomas Mack

T-SHIRTS & JERSEYS                                QUANTITY

HATS                                              31

OTHER (Please specify)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature of Server

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the Complaint and the Temporary Restraining Order, Order of Seizure and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED

John Doe
No ID

DATE 7-22-05

ITEM                                              PLACE: Las Vegas / Thomas Mack

T-SHIRTS & JERSEYS                                QUANTITY

HATS                                              15

OTHER (Please specify)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature of Server

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the Complaint and the Temporary Restraining Order, Order of Seizure and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED        _John Doe_
                                     _No ID_            _5' 10" Brown thin_
                                                        _chevy_

DATE: _7-22-05_                     PLACE: _Las Vegas / Thomas Mack_

ITEM                                QUANTITY

T-SHIRTS & JERSEYS                  _10_

HATS                                _____

OTHER (Please specify)              _____

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature of Server

---

## SERVICE OF PROCESS AND RECEIPT FOR GOODS SEIZED

I, the undersigned below, being over 18 years of age and not a party to this action, a United States Marshal, state police officer, local police officer, local deputy sheriff, or off-duty officer of the same, or a person acting under their supervision, served a copy of the Complaint and the Temporary Restraining Order, Order of Seizure and Order to Show Cause Re: Preliminary Injunction and seized unauthorized goods from the individual listed below.

NAME AND ADDRESS OF PERSON
FROM WHOM THINGS WERE SEIZED        _John Doe_
                                     _No ID_

DATE: _7-22-05_                     PLACE: _Las Vegas / Thomas Mack_

ITEM                                QUANTITY

T-SHIRTS & JERSEYS                  _7_

HATS                                _____

OTHER (Please specify)              _____

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature of Server

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SIGNATURES NETWORK, INC. :
          :
    Plaintiff,  :
          :  Civil Action No.: 03-1012
    v.    :
          :  Document No.: 1
JOHN DOES 1-100, individuals, :
JANE DOES 1-100, individuals, :
XYZ COMPANY, business  :
entity form unknown, inclusive, :
          :
    Defendants. :

## MEMORANDUM ORDER

### GRANTING THE PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

This matter comes before the court on the application of plaintiff Signatures Network, Inc. ("the plaintiff") for a preliminary injunction enjoining and restraining John Does, Jane Does and XYZ Company (collectively, "the defendants") from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, likenesses, tradenames, or tour logos of the musical group known as "FLEETWOOD MAC" comprised of "LINDSEY BUCKINGHAM," MICK FLEETWOOD," "JOHN MCVIE," and "STEVIE NICKS" (collectively, "the Artist") and ordering the seizure and impounding of such merchandise. Because the plaintiff has demonstrated that it has a substantial likelihood of success on the merits, that it would suffer irreparable injury if the injunction is not granted, that the injunction would not substantially injure other interested parties, and that the public interest would be furthered by the injunction, the court grants the plaintiff's application.

1

## I. BACKGROUND

Signatures Network, Inc., engages in the business of manufacturing, distributing, and selling authorized merchandise – such as t-shirts, jerseys, sweatshirts, and posters – that bear the names, likenesses, and copyrights owned by popular musicians and performers.  Pl.'s Application at 2, Weber Decl. ¶ 3.  The plaintiff has the exclusive right to sell tour merchandise for the group Fleetwood Mac during its just-commenced 32-city tour.  *Id.* at 2, Weber Decl. ¶ 4.  The defendants are unknown and unnamed individuals who sell unauthorized tour merchandise near the venues at which Fleetwood Mac will perform.  *Id.* at 1, Weber Decl. ¶ 10.

On May 8, 2003, the plaintiff filed an *ex parte* application for a temporary restraining order, order of seizure, and order to show cause why a preliminary injunction should not issue.  On May 9, 2003, this court granted the plaintiff's application and directed the defendants to show cause why a preliminary injunction should not issue.  Order dated May 9, 2003.  On the same day, the plaintiff served a copy of the complaint and the court's May 9, 2003 order on certain defendants at the MCI Center in Washington, D.C., the Artist's first concert venue on its 2003 tour.  Second Weber Decl. ¶ 6, Ex. A.  On May 13, 2003, this court held a preliminary injunction hearing, at which the plaintiff appeared but the served defendants failed appear.

## II. ANALYSIS

The standard for interim injunctive relief in trademark cases is the same standard applied in other cases.  *Appleseed Found. Inc. v. Appleseed Inst., Inc.*, 981 F. Supp. 672, 674 (D.D.C. 1997).  Accordingly, this court may issue interim injunctive relief only when the movant demonstrates:

> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not

substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).

Upon consideration of the plaintiff's application for a preliminary injunction and order of seizure, supporting declarations, other submissions, and the statements made and exhibits presented at court's May 13, 2003 hearing, the court concludes that the plaintiff has met the four prongs of the test for interim injunctive relief.

First, the plaintiff has demonstrated a substantial likelihood of success on the merits of its false-designation-of-origin and trademark-infringement claims under the Lanham Act. To succeed on the first claim, a plaintiff "generally must show that it has a valid and protectable mark and that the defendant's conduct is likely to cause confusion concerning the source or sponsorship of the goods or services in question." *Register.Com, Inc. v. Domain Registry of Am., Inc.*, 2002 WL 31894625, at *8 (S.D.N.Y. Dec. 20, 2002). In this case, as a federally registered trademark, "Fleetwood Mac" is a valid and protectable mark. Pl.'s Application at 2-3; Weber Decl. ¶ 7. Moreover, the likelihood of confusion is high, as the strength of the Artist's mark is great, the similarity between the Artist's mark and the defendants' marks is great, and the defendants' merchandise is in close proximity to the plaintiff's goods. Pl.'s Application at 3, 6, 8; *see Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961); *see also Basile, S.p.A. v. Basile*, 899 F.2d 35, 37 (D.C. Cir. 1990). The plaintiff therefore has shown a substantial likelihood of success on the merits of its false-designation-of-origin claim.

Because the plaintiff has demonstrated a substantial likelihood of success on its false-designation-of-origin claim, the court only briefly addresses the merits of the plaintiff's trademark-infringement claim. *Cf. Appleseed Found.*, 981 F. Supp. at 676. To succeed on such a claim, the plaintiff must show "(1) that it owns a valid trademark, (2) that the mark is

3

distinctive on its own or that it has acquired a secondary meaning, and (3) that there is a likelihood of confusion." *Appleseed Found.*, 981 F. Supp. at 676. The facts suggest that, as the exclusive licensee of the "Fleetwood Mac" mark, the plaintiff likely has standing to bring the trademark-infringement claim. Weber Decl. ¶ 4; *Calvin Klein Jeanswear Co. v. Tunnel Trading*, 2001 WL 1456577, at *4 (S.D.N.Y. Nov. 16, 2001). By the substantial and continuous use of the trademarks, trade names, logos, likenesses, or images of the Artist in connection with its work as a musical performing artist, the Artist's marks have acquired meanings identified with the Artist and with associated products and services. *E.g., EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 63 (2d Cir. 2000) (describing the types of artistic expression protected by the Lanham Act). Finally, as already noted, there is a strong likelihood of confusion among consumers. *Polaroid Corp.*, 287 F.2d at 495. Accordingly, the plaintiff has shown a substantial likelihood of success on the merits of both claims, and therefore meets the first prong of the four-part test.

Second, the plaintiff has shown that it would suffer irreparable injury if the injunction is not granted. "In Lanham Act cases involving trademark infringement, a presumption of irreparable injury is generally applied once the plaintiff has demonstrated a likelihood of confusion, the key element in an infringement case." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 273 (4th Cir. 2002); *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 142 (2d Cir. 1997). Because the plaintiff has demonstrated a likelihood of confusion, it therefore has shown irreparable injury.

Finally, the plaintiff has demonstrated that an injunction would not substantially injure other interested parties, and that the public interest would be furthered by the injunction. As set forth by the plaintiff, the facts show that any loss to the defendants appears insubstantial, and is

outweighed by the harm to the plaintiff. Pl.'s Application at 9; Second Weber Decl. ¶¶ 6, 12; Ex.

A.; *Corning Glass Works v. Jeannette Glass Co.*, 308 F. Supp. 1321, 1328 (S.D.N.Y. 1970).

Moreover, an injunction against the sale or distribution of the defendants' merchandise would

further the public interest, as "the purpose of the Lanham Act . . . is to secure the public's interest

in protection against deceit as to the sources of its purchases." *Fabrication Enters., Inc. v.

Hygenic Corp.*, 64 F.3d 53, 57 (2d Cir. 1995); *see also Conopco, Inc. v. Campbell Soup Co.*, 95

F.3d 187, 193 (2d Cir. 1996).

Accordingly, it is this 18th day of May, 2003, hereby:

**ORDERED** that the defendants, their agents, servants, employees, attorneys, successors,

and assigns, and all persons, firms, and corporations acting in active concert or participation with

said defendants, are enjoined and restrained from:

    a.    using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or

           images of the Artist in connection with the sale, offering for sale, distribution,

           and/or advertising of any clothing or other merchandise;

    b.    manufacturing, distributing, selling, and/or holding for sale any clothing or other

           merchandise which carries or otherwise uses any or all of the trademarks,

           servicemarks, tradenames, likenesses, logos, or images of the Artist; or

    c.    aiding, abetting, inducing, or encouraging another to perform any of the acts

           enjoined herein; and it is

**FURTHER ORDERED** that the United States Marshal for this district or any district in

which the plaintiff seeks to enforce this order, the state police, local police, local deputy sheriffs

or off-duty officers of the same are hereby similarly authorized to seize and impound any and all

unauthorized merchandise bearing any or all of the trademarks, servicemarks, likenesses,

tradenames, or tour logos of the Artist "FLEETWOOD MAC," and/or that of its individual

members "LINDSEY BUCKINGHAM," MICK FLEETWOOD," "JOHN MCVIE," and

"STEVIE NICKS," or any colorable imitations or variations thereof, which defendants or their

agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any

of the Artist's concerts from six (6) hours before to four (4) hours after any performance of the

Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artist shall be

performing or elsewhere where such merchandise is being sold, held for sale or is otherwise

found, including in any carton, container, vehicle, or other means of carriage in which the

merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other

merchandise bearing any or all of the trademarks, servicemarks, likenesses, tradenames, or tour

logos of the Artist, "FLEETWOOD MAC," and/or that of its individual members "LINDSEY

BUCKINGHAM," MICK FLEETWOOD," "JOHN MCVIE," and "STEVIE NICKS," or any

colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or

other venues at which the Artist shall be performing, or elsewhere where such merchandise is

being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the

seizure provisions of this order; and it is

     **ORDERED** that service of a copy of this order, together with the summons and

complaint, be made upon defendants by the process servers at the time of the seizure provided

herein is effected and that such service shall be deemed good and sufficient; and it is

     **FURTHER ORDERED** that each and every defendant served with a copy of this order

promptly, courteously and peaceably identify himself or herself to the aforementioned process

server and that the process server or agents for the plaintiff be allowed to photograph, videotape

or otherwise identify the defendant; and it is

6

**ORDERED** that the process server shall offer a receipt to each person from whom goods are seized; and it is

**FURTHER ORDERED** that any defendant who is hereafter served with a copy of this order who objects to the provisions here in may submit his or her objections for this court or otherwise move for relief from this court within thirty (30) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this order or stay the terms hereof unless otherwise ordered by this court; and it is

**ORDERED** that during the pendency of the preliminary injunction all unauthorized items heretofore or hereafter seized in this action be delivered up to the plaintiff, who shall be deemed substitute custodian, pending final disposition of this matter; and it is

**FURTHER ORDERED** that the bond in the amount of Ten Thousand Dollars ($10,000) heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter; and it is

**ORDERED** that the plaintiff shall submit regular status reports to the court, with the first report due by September 15, 2003; the second report due by January 15, 2004; and the third report (if necessary) due by May 15, 2004.

**IT IS SO ORDERED**.

RICARDO M. URBINA
United States District Judge

7

RECEIVED
CHARLOTTE, N.C.

FEB - 9 2001

Clerk, U. S. Dist. Court
W. Dist of N. C.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, N.C.

FEB -9  AM 9: 51

U.S. DISTRICT COURT
W. DIST. OF N.C.

|  |  |  |
|---|---|---|
| GIANT MERCHANDISING, a California partnership, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:01 CV 37-V |
| vs. | ) ) | |
| JOHN DOES 1-100, individuals, JANE DOES 1-100, individuals, and XYZ COMPANY, business entity form unknown, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## [PROPOSED] PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff Giant Merchandising ("Giant") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images of the musical group known as the **BACKSTREET BOYS**, comprised of the following members, **NICK CARTER, HOWIE DOROUGH, BRIAN LITTRELL, A.J. MCLEAN** and **KEVIN RICHARDSON** (collectively, the "Artists") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the artists' concerts which have previously occurred; and Giant's application having come on for a hearing before the Honorable Judge Richard L.Vorhees on the 9th day of February, 2001, at the United States Courthouse in the Western District of North Carolina, Charlotte Division, and Giant having appeared by its attorney, Cara R. Burns, and there having been no other appearances;

C:\WPDOCS\GIANT\BSB\PIORDER.WPD

Now, on presentation and consideration of Giant's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.   By reason of the substantial and continuous use of the trademarks, tradenames, logos, likenesses or images of the Artists in connection with their work as musical performers, said marks have acquired meanings identified with the Artists and with products and services associated with them;

2.   The served defendants, and those in active concert or participation with such defendants, have infringed upon Giant's rights in the Artists' trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Giant, and have as well committed acts of unfair competition against Giant herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, names, likenesses, logos, and tradenames of the Artists at or near the sites of the Artists' concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.   The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they:

   A.   involve goods or services,

   B.   are activities which affect interstate commerce, and

   C.   bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Giant and/or the Artists with respect to such goods;

4.   Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

C:\WPDOCS\GIANT\BSB\PIORDER.WPD          2

5.      Copies of this Court's January 19, 2001 Order to Show Cause on Application for: Temporary Restraining Order; Order of Seizure; and Order to Show Cause re: Preliminary Injunction and Complaint filed in support of Giant's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

## NOW, THEREFORE, IT IS HEREBY

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)      Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)      Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists; or

©      Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED,** that the United States Marshal for this district or for any district in which Giant seeks to enforce this Order, the state police, local police, local deputy sheriffs or off-duty officers of the same, Thomas Donnell and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artists'

C:\WPDOCS\GIANT\BSB\PIORDER.WPD          3

concerts from ten (6) hours before to six (6) hours after any performance of the Artists within a ten (10) mile vicinity of the halls, stadiums or arenas at which the Artists shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artists, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artists shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Giant be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

C:\WPDOCS\GIANT\BSB\PIORDER.WPD                4

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Giant or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond in the amount of Ten Thousand Dollars ($10,000) heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined is hereby continued until final disposition of this matter.

Dated: February 7, 2001

at: 7:35 .m.

THE HONORABLE RICHARD L. VORHEES
United States District Judge

Presented by:
GIANT MERCHANDISING
By Its Attorneys

CARA R. BURNS, ESQ.
12100 Wilshire Boulevard, Suite 350
Los Angeles, California 90025
Telephone: (310) 428-6796
Facsimile: (310) 444-9454

2/24/12

CM/ECF - DC V4.2 (December 2011)

BROWN, CASE-CLOSED

# U.S. District Court
## Middle District of Tennessee (Nashville)
### CIVIL DOCKET FOR CASE #: 3:00-cv-00402

McGraw v. Various John Does, et al
Assigned to: District Judge Aleta A. Trauger
Demand: $0
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 04/27/2000
Date Terminated: 07/03/2001
Jury Demand: None
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Tim McGraw**

represented by **S. Ralph Gordon**
S. Ralph Gordon, P.C.
1407 Tyne Boulevard
Nashville, TN 37215
(615) 371-0712
Fax: (615) 371-9618
Email: srg1@att.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Russell Alexander Jones , Jr.**
Gordon, Martin, Jones & Harris
49 Music Square, W
Suite 600
Nashville, TN 37203
(615) 321-5400
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Various John Does**

**Defendant**

**Various Jane Does**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/27/2000 | 1 | COMPLAINT (Summons(es) issued); Filing fee paid in the amount of : $150 Receipt # 73826 (af) (Entered: 05/01/2000) |

2/24/12

| 04/27/2000 | 2 | MOTION by pltf Tim McGraw for temporary restraining order (af) (Entered: 05/01/2000) |
|---|---|---|
| 04/27/2000 | 3 | MEMORANDUM (w/ attachments) by pltf Tim McGraw in support of motion for temporary restraining order [2-1] (af) (Entered: 05/01/2000) |
| 04/28/2000 | 4 | CLERK'S RESUME ; TRO hearing held 4/28/00; TRO granted; Order to enter; Preliminary injunction hearing set for 2:30 p.m. on 5/1/00 C/R : Becky Cole (af) (Entered: 05/01/2000) |
| 05/01/2000 | 5 | TEMPORARY RESTRAINING ORDER by Judge Aleta A. Trauger: defts, etc. and all those acting in concert or participation with them are temporarily enjoined and restrained under FRCP 65(b) from distributing, and/or selling merchandise or other products bearing the name and/or likeness of Tim McGraw in connection with pltf's concert appearance at the Adelphia Coliseum in Nashville on 4/30/00; this tro will be in effect from its entry until 5/1/00 @ 3:00 p.m.; pltf is required to post a $10,000 bond with the Clerk; upon issuance of this Order, pltf is required to contact the Metro Nashville Police Dept officer in charge of the security for the Adelphia Coliseum and provide him with a copy of this Order. (cc: all counsel, Financial) EOD 5/1/00 (bj) (Entered: 05/01/2000) |
| 05/01/2000 | 6 | CLERK'S RESUME: Preliminary Injunction held 5/1/00 ; C/R: Becky Cole. Hrg on prel inj 6/23/00; Gordon to draw inj order and submit addt'l authority on what he wants and submit injunctions-(copies) from other cases. (bj) (Entered: 05/02/2000) |
| 05/04/2000 | | REMARK; Receipt of $10,000 Bond from pltf. (bj) (Entered: 05/04/2000) |
| 05/08/2000 | | PROPOSED Preliminary Injunction and Order of Seizure. (bj) (Entered: 05/09/2000) |
| 05/08/2000 | 7 | MEMORANDUM by pltf in support of proposed order. (att'd exhibits A-Q) (bj) (Entered: 05/09/2000) |
| 05/08/2000 | 8 | RETURN OF SERVICE executed personally as to John F. Watson on 4/30/00. (bj) (Entered: 05/09/2000) |
| 05/08/2000 | 9 | RETURN OF SERVICE executed personally as to Percy Hewitt Caines on 4/30/00. (bj) (Entered: 05/09/2000) |
| 05/17/2000 | 10 | PRELIMINARY INJUNCTION AND ORDER OF SEIZURE by Judge Aleta A. Trauger: each of defts, employees, etc...are enjoined and restrained pending further order of this court, from: using the name, trademark, etc. of Tim McGraw...offering for sale, distribution or advertising of any merchandise; infringing items seized pursuant to this court's TRO and Order of Seizure are to be delivered to pltf for destruction or other disposition; the USM (if available to pltf)...are authorized to seize and impound all such unauthorized merchandise..which the defts may manufacture, distribute, sell or hold for sale w/in 3 miles of the site of any Tim McGraw concert during his U.S. Tour for the year 2000 from 10 hours before to 6 hours after any concert performance held; the process server shall serve a copy of this order, together with the complaint and summons upon such persons at the time seizures are effected; said merchandise shall be delivered to the care or custody of pltf's counsel, S. Ralph Gordon or Russell A. Jones, Jr. and a receipt |

2/24/12                                  CM/ECF - DC V4.2 (December 2011)

| | | for such goods shall be given to each person from whom goods are seized; the bond filed by pltf with the Clerk for $10,000 to secure payment of costs...shall remain in effect until further order; any deft who is hereafter served a copy of this order and who objects may submit his or her objections to this court w/in 20 days of the date of seizure. (cc: all counsel, USM) EOD 5/18/00 (bj) (Entered: 05/18/2000) |
|---|---|---|
| 05/18/2000 | 11 | 10 SUMMONS issued as to deft Various John Does & deft Various Jane Does (jb) (Entered: 05/19/2000) |
| 07/03/2001 | 12 | ORDER by Judge Aleta A. Trauger: the preliminary injunction and order of seizure that applied to pltf's U.S. tour for the year 2000 has presumably ended; this case is dismissed w/prejudice, provided that no party files a written motion w/in 20 days requesting the case remain open and detailing grounds for such request terminating case (cc: all counsel) EOD 7/5/01 (bj) (Entered: 07/05/2001) |
| 07/13/2001 | 13 | MOTION by pltf Tim McGraw to alter or amend judgment (att'd affidavit) (bj) (Entered: 07/16/2001) |
| 07/13/2001 | 14 | AFFIDAVIT of Russell A. Jones, Jr. Esq. in support of motion to alter or amend judgment [13-1] (bj) (Entered: 07/16/2001) |
| 08/21/2001 | 15 | ORDER by Judge Aleta A. Trauger: denying w/out prejudice motion to alter or amend judgment [13-1] as it contains no certificate of service to any of the defts; in addition, the affidavit appears to contradict the assertions in the motion re claims. (cc: all counsel) EOD 8/22/01 (bj) (Entered: 08/22/2001) |
| 10/15/2001 | 16 | MOTION by pltf Tim McGraw to release $10,000 cash bond (bj) (Entered: 10/16/2001) |
| 10/17/2001 | 17 | ORDER by Judge Aleta A. Trauger: granting motion for the Court to release the $10,000 cash bond [16-1], making funds payable to pltf and forwarded to counsel for pltf. (cc: all counsel, financial) EOD 10/18/01 (bj) (Entered: 10/18/2001) |
| 10/23/2001 | | REMARK: U.S. Treasury Check No. 124,933 in the amount of $10,000 was mailed to Tim McGraw, c/o Mr. S. Ralph Gordon, Atty on 10/23/01. (bj) (Entered: 10/24/2001) |

### PACER Service Center

#### Transaction Receipt

| 02/24/2012 08:23:18 | | | |
|---|---|---|---|
| PACER Login: | kl0204 | Client Code: | 0149511.00925/00720 |
| Description: | Docket Report | Search Criteria: | 3:00-cv-00402 |
| Billable Pages: | 3 | Cost: | 0.24 |

IN THE UNITED STATES DISTRICT COURT        *Filed* 5-4-00
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

Clerk, U. S. District Court
Western District of Texas

By _____ Deputy

|  |  |  |
|---|---|---|
| GIANT MERCHANDISING | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. A-00CA-270-JN |
| | § | |
| JOHN DOES 1-100, individuals, JANE DOES 1-100, individuals, and XYZ COMPANY, business entity form unknown, inclusive, | § | |
| | § | |
| Defendants. | § | |

## PRELIMINARY INJUNCTION AND ORDER OF SEIZURE

Plaintiff Giant Merchandising ("Plaintiff") having moved for a preliminary injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, tradenames, logos, likenesses or images of the musical group known as the **"RED HOT CHILI PEPPERS,"** (the "Artist") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artist's concerts which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Judge James Nowlin on the 4th day of May, 2000, at the United States Courthouse in the Western District of Texas, Austin, and Plaintiff having appeared by its attorneys, and there having been no other appearances;

/ / /

/ / /

C:\WORK\rhcposc.ord\

14

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1.     By reason of the substantial and continuous use of the trademarks, tradenames, logos, likenesses or images of the Artist in connection with her work as a musical performer, said marks have acquired meanings identified with the Artist and with products and services associated with her;

2.     The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artist's trademarks, servicemarks, tradenames, likenesses, logos, or images owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the federally registered trademarks, servicemarks, names, likenesses, logos, and tradenames of the Artist at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.     The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they:

a)     make unauthorized use of a federally registered trademark; and/or

b)     1)     involve goods or services,

        2)     are activities which affect interstate commerce, and

        3)     bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artist with respect to such goods;

4.     Defendants, and those in active concern or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

C:\WORK\rhcposc.ord\                          2

5.     Copies of this Court's March 29, 2000 Order to Show Cause on Motion for:
Temporary Restraining Order; Order of Seizure; and Preliminary Injunction, and Complaint filed
in support of Plaintiff's application in this case have been served upon the defendants and
unauthorized, bootleg merchandise has been seized from the defendants;

NOW, THEREFORE, IT IS HEREBY

ORDERED that the defendants, their agents, servants, employees, attorneys, successors,
and assigns, and all persons, firms, and corporations acting in active concert or participation with
said defendants, are enjoined and restrained from:

1)     Using any or all of the trademarks, servicemarks, tradenames, likenesses, logos,
or images of the Artist, in connection with the sale, offering for sale, distribution, and/or
advertising of any clothing or other merchandise;

2)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other
merchandise which carries or otherwise uses any or all of the trademarks, servicemarks,
tradenames, likenesses, logos, or images of the Artist; or

3)     Aiding, abetting, inducing, or encouraging another to perform any of the acts
enjoined herein.

IT IS FURTHER ORDERED that the United States Marshal for this district or for any
district in which Plaintiff seeks to enforce this Order, the state police, local police, local deputy
sheriffs or off-duty officers of the same, Thomas Donnell, John Carruthers and any person acting
under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and
impound any and all unauthorized merchandise bearing any or all of the trademarks, servicemarks,
tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations
thereof, which defendants or their agents, employees or representatives attempt to sell or are holding
for sale in the vicinity of any of the Artist's concerts from ten (10) hours before to six (6) hours after
any performance of the Artist within a ten (10) mile vicinity of the halls, stadiums or arenas at
which the Artist shall be performing or elsewhere where such merchandise is being sold, held for

sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored. All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, tradenames, likenesses, logos, or images of the Artist, or any colorable imitations or variations thereof, sold and held for sale in the, vicinity of the arenas or other venues at which the Artist shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

IT IS FURTHER ORDERED that service of a copy of this Order, together with the summons and complaint, be made upon defendants by the Process Servers, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

IT IS FURTHER ORDERED that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

IT IS FURTHER ORDERED that the Process Server shall offer a receipt to each person from whom goods are seized.

IT IS FURTHER ORDERED that any Defendant who is hereafter served with a copy of this Order who objects to the provisions here in may submit his or her objections for this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

IT IS FURTHER ORDERED that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

C:\WORK\rhcposc.ord\                                    4

IT IS FURTHER ORDERED that the bond in the amount of Five Thousand Dollars

($5,000) heretofore deposited with the Clerk of this Court on May 3, 2000 to secure payment of

costs incurred in enforcing the provisions of this order and any damages sustained by any party who

is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this

matter.

     IT IS SO ORDERED.

Dated: May 4, 2000
At: 2:15 pm.

           THE HONORABLE JAMES NOWLIN
           UNITED STATES DISTRICT JUDGE

Presented by:

JACKSON WALKER, L.L.P.
100 Congress Avenue, Suite 1100
Austin, Texas 78701-4099
(512) 236-2000
(512) 236-2002 (Facsimile)

By: _____
    LAWRENCE A. WAKS
    State Bar No. 20670700

GRADSTEIN LUSKIN & VAN DALSEM, P.C.
12100 Wilshire Blvd, Suite 350
Los Angeles, California 90025
(310) 571-1700
(310) 571-1717 (Facsimile)

By: _____
    CARA R. BURNS
    California State Bar No. 137557
    Admitted Pro Hac

ATTORNEYS FOR PLAINTIFF