UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WORLD WRESTLING ENTERTAINMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 14-688 |
| VARIOUS JOHN DOES AND JANE DOES, ET AL | SECTION "C"(2) |

ORDER AND REASONS

This matter comes before the Court on *ex parte* motion for reconsideration of the Court's order denying Plaintiff's *ex parte* motion for a temporary restraining order, order for seizure of counterfeit marked goods, and order to show cause why a preliminary injunction should not issue. Rec. Doc. 10. Having considered the record, the memorandum of counsel and the law, the Court rules as follows.

There is no doubt that, as Plaintiff explains, Congress intended to expand the remedies available to trademark holders confronting counterfeiters by providing them a mechanism to obtain *ex parte* seizure orders. But the ability to obtain a seizure order without notice is not the same as the ability to obtain a seizure order without identifying the "person" against whom it is directed. 28 U.S.C. § 1116(d)(4(B). Plaintiff's only authority for the proposition that Congress intended that second result is a House Report that accompanied the enactment of what is now Section 1116(d), and the language of that

report is ambiguous. While it rules out the necessity of a trademark holder providing the *name* of the person against whom seizure is to be ordered, it does not unambiguously state that a trademark holder may proceed against wholly unidentified defendants. Even if it did, that would conflict with the plain language of Section 1116(d), as the Court explained in its earlier order. And even if it did not, it is doubtful whether Congress could constitutionally provide such a power. Unlike an *in personam* case, such as the one Plaintiff cites allowing a copyright suit to proceed against defendants identified only by their IP addresses and internet service providers, Plaintiff asks the Court to order the *seizure* of Defendants' property without any idea who Defendants are, and so without any idea of what each Defendant has done that might merit seizure.[1] That is, Plaintiff has not provided any information about Defendants anywhere near as unique as an IP address.

Plaintiff's motion argues around this central issue: Plaintiff's inability, or more accurately, unwillingness to conduct the investigation required, to identify any "person"

---

[1] An action commenced *in personam* does not present the same due process issues as a case commenced by seizure of a defendant's property. Merely being made a defendant does not deprive a person of property, while having property seized does. And in any event, unless an *in personam* defendant is identified, there is no possibility of enforcing a judgment against that person.

against whom seizure would be ordered.[2] The Court believes that inability is fatal to the relief Plaintiff requests, no matter how serious the problem Plaintiff faces. The Court nevertheless provided Plaintiff with an opportunity to seek another (and controlling) opinion by certifying its earlier order for interlocutory appeal. Plaintiff may avail itself of that option, but it may not relitigate decided issues in the guise of a motion for reconsideration.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED**. Rec. Doc. 10.

**IT IS FURTHER ORDERED** that no further motions for reconsideration, to supplement, or the like may be filed unless Plaintiff can submit "specific facts" that can be used to identify Defendants (other than merely describing their conduct).

**IT IS FURTHER ORDERED** that the Clerk shall not issue any summons to unidentified parties in this case.

New Orleans, Louisiana, this 3rd day of April, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also suggests that the Court misunderstood the temporal and geographic limits of the relief it requested. Having reread Plaintiff's first proposed order, the Court disagrees—and Plaintiff's felt need to submit a revised proposed order incorporating a narrower time frame and geographic focus suggests the Court is correct. In any event, even with such narrowing, Plaintiff's revised request fails for the reason identified above as central.